266 So.2d 271

Glenn A. PAGE et al.

v.

Larry JACOBSON.

1 Div. 738.

Supreme Court of Alabama.

Aug. 31, 1972.

Wilson Hayes, Bay Minette, for appellants.

J. Connor Owens, Jr., Bay Minette, for appellee.

**MADDOX, Justice.**

Complainant-appellee Larry Jacobson, a building contractor in Bay Minette, filed an action in the circuit court of Baldwin County, in Equity, seeking to enforce a mechanic's and materialman's lien against property owned by Glenn and Cornelia Page. Jacobson claimed that he entered into a contract to make certain additions and repairs to a house owned by the Pages and that there was a balance due under the contract in the sum of $1,615, and that he had filed a lien against the property as provided for by law. After hearing the evidence orally, and personally viewing the premises, the trial judge entered a decree fixing a mechanic's and materialman's lien on the property and ordered a sale of the property to satisfy the lien.[1]

The Pages appealed, and the thrust of their argument in brief is that there was no evidence to support the findings of the trial court, or in the alternative, that the evidence was insufficient.

We have reviewed the evidence. It is conflicting, but the writer is persuaded that there is evidence to support the findings of fact made by the trial court. These findings are presumed to be correct, and such findings carry with them the force of a jury verdict. Unless such findings and conclusions are plainly wrong or without supporting evidence, or are manifestly unjust, which we do not find to be the case, the final decree is due to be affirmed. Moreover, as already noted, the trial judge viewed the premises before making his findings of fact, and, hence, there is this additional reason why the decree here is reviewed as if it were a verdict of a jury. Pardue v. Citizens Bank & Trust Co., 287 Ala. 50, 247 So.2d 368 (1971).

The judgment of the trial court is due to be affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and SOMERVILLE, JJ., concur.

---

1. The court also found that New York Life Insurance Company held a first mortgage which was superior to Jacobson's lien.