292 So.2d 454

**Hal L. DAUGHERTY**

**v.**

**GULF SHORES MOTEL, INC.,**
**a corporation.**

**SC 635.**

Supreme Court of Alabama.

March 28, 1974.

James E. Moore, Mobile, for appellee.

Ralph Kennamer, Mobile, for appellant.

MERRILL, Justice.

This suit began on October 1, 1971, when Malone Construction, Inc., hereinafter called Malone, filed a bill for declaratory judgment in equity against Gulf Shores Motel, Inc., hereinafter called Gulf Shores, alleging that Gulf Shores was complaining about various defects in the construction

of a motel which Malone had contracted to build for Gulf Shores and had completed.

Later in the same month, Gulf Shores filed a suit at law against Malone and H. L. Daugherty, the project engineer who had drawn the plans, charging breach of contract. Malone sought and secured an injunction against Gulf Shores enjoining it "from proceeding with their law suit."

Gulf Shores filed an answer and cross bill making Daugherty a cross-respondent. The cross bill charged that Malone breached its contract to build the motel according to the plans and specifications; that Daugherty, as project engineer, permitted Malone to deviate from the plans and specifications and that Daugherty breached his contract to supervise construction in that he failed to make inspections of the construction at critical times; and that Daugherty had breached his contract to properly design the motel.

Daugherty demurred to the cross bill, as last amended, and entered a plea of the statute of limitations.

When the trial was concluded, the court entered a judgment under Gulf Shores' cross bill against Malone for $8,500.00 and against Daugherty for $1,500.00.

Daugherty appealed to this court. Malone did not appeal.

The chief thrust of Daugherty's argument under most of his assignments of error is that the evidence did not support the judgment against him.

■ The record consists of 439 pages and much of the evidence is in conflict. We do not delineate all the evidence, but only so much as we feel demonstrates clearly that there was evidence to sustain the decree and judgment of the trial court.

The owner of Gulf Shores Motel submitted plans for that motel to the Small Business Administration. The plans were drawn by a draftsman. SBA disapproved the plans because the draftsman was not a licensed architect or an engineer and stated that there would have to be a project engineer on the job before it would approve a loan.

Malone secured Daugherty, an experienced civil, structural and architectural engineer, introduced him to the owner and after he had reworked the plans and specifications and discussed them with an engineer of SBA, the loan application was approved.

The owner of the motel worked as a laborer during part of the construction and he complained to Daugherty on occasion during the construction.

Testimony in support of the cross bill tended to show that Daugherty did not inspect the foundation steel at the critical time when it was being installed and that it was improperly placed. Stirrups that were called for in the plans were omitted; the foreman on the job did not know what stirrups were for, nor how to install them; most of the steel had been laid and covered without Daugherty's inspection and Daugherty stated that "it was not possible to check replacement of all reinforcing steel" and "It is not known whether or not the stirrups were placed in the remainder of the grade beams." There was an excessive sound transmission between rooms that was caused by deficiency in the plans. The balcony ceilings were not installed in accordance with the plans. The plans incorrectly called for level balcony floors rather than sloping outwardly for drainage. Daugherty's plans called for a separation along outside walls where the balconies joined the building which permitted leakage into the interior of the building. The specifications did not call for caulking where the balconies joined the building. Sheathing on the outside of the second story of the motel was omitted contrary to the plans, but with Daugherty's knowledge.

■ Where the evidence is heard orally before the trial court, the finding of the court has the effect of a jury's verdict

and will not be disturbed on appeal unless plainly erroneous. And we must affirm the trial court's decree if fairly supported by credible evidence under any reasonable aspect, regardless of what might be our view of the evidence. Lott v. Keith, 286 Ala. 431, 241 So.2d 104; Norton v. Norton, 280 Ala. 307, 193 So.2d 750.

■ Here, the trial judge "announced that he planned to make a personal inspection of the premises," and there being no objection, he did so. This is an additional reason why the decree is reviewed as if it were a verdict of a jury. Page v. Jacobson, 289 Ala. 114, 266 So.2d 271; Pardue v. Citizens Bank & Trust Co., 287 Ala. 50, 247 So.2d 368.

■ The chancellor made no formal findings of fact, but stated that his decree was rendered after "having personally inspected the subject premises, and having reviewed and considered all the evidence in the case." Under such circumstances, the reviewing court will assume that the chancellor made those findings which the evidence supports and which will support the decree. Alabama Farm Bureau Mut. Cas. Ins. Co. v. Preston, 287 Ala. 493, 253 So.2d 4; Boaz Nursing Home, Inc. v. Recovery Inns of America, Inc., 289 Ala. 144, 266 So.2d 588; Dockery v. Hamner, 281 Ala. 343, 202 So.2d 550.

■ Assignments of error 2 and 10 charge that the trial court "erred in overruling the Amended Answer of Cross-Respondent." No such ruling appears in the record. Assignments of error must be predicated on a ruling of the trial court. First National Bank of Birmingham v. Brown, 287 Ala. 240, 251 So.2d 204; Dunlavy v. Dunlavy, 283 Ala. 303, 216 So.2d 281.

■ Assignment 12 charges error in overruling "the plea of the Statute of Limitations by the Cross-Respondent." Again, the record shows no such ruling. The trial court "cannot be put in error for ruling on pleas, when the record does not clearly show that action was had by the court on them." Cartwright v. West, 173 Ala. 198, 55 So. 917.

■ Assignment 8 charges that the "trial court erred in finding that the action was not barred by the Statute of Limitations." There was no such finding, but it is evident that the trial court did not consider that the plea of the statute of limitations of one year was sustained. The claim against appellant was based on the alleged breach of a written contract, signed by both parties to this appeal and was placed in evidence. The limitation for such actions is six years. Tit. 7, § 21, Code 1940.

■ Assignment 4 charges error in overruling appellant's demurrer to the cross bill, as amended. The record discloses no ruling by the trial court on the demurrer. Appellant concedes in brief that a ruling of the court on the demurrer does not appear in the record, but states that a judgment in favor of appellee and against appellant "is tantamount to the demurrer being overruled." We cannot agree.

■ The rule of our cases is that unless a party secures a ruling on a demurrer, it will be presumed on appeal that the demurrer was withdrawn, abandoned or waived. Evans v. Evans, 264 Ala. 2, 84 So.2d 337; Pope v. Allinder, 219 Ala. 439, 122 So. 419; McNeil v. State, 71 Ala. 71. While the cross bill, as amended, may have been technically subject to one or more grounds of demurrer, it did state a cause of action under the contract. The assignment of error is without merit.

Affirmed.

HEFLIN, C. J., MADDOX and FAULKNER, JJ., and LAWSON, Special Judge, concur.