BRADLEY, Judge.
The appeal is from a decree denying a modification petition which sought the elimination of periodic alimony and reduction in child support. A petition for writ of mandamus was filed as an alternative method of review.
The parties were divorced in 1982. The parties’ agreement was incorporated into the decree. It provided that the husband would pay wife $400 per month as alimony and $1,600 per month as child support for the parties’ two children.
In June 1984 the court, in response to a joint petition, reduced the child support payments from $1,600 per month to $1,000 per month.
In March 1985 the husband requested the court to modify the child support award by reducing it, and to modify the alimony award by eliminating it.
A hearing was held on the modification petition. Present for the hearing were the husband and his attorney and the wife and her attorney. Without administering an oath to the husband, the court asked the husband questions about his income, his expenses, his outstanding debts, and other matters. At the end of the hearing the court asked the husband if there were anything else he wanted to tell the court other than what had been covered. There was no response from the husband or his attorney. The court then overruled the modification petition.
The husband filed a motion for a rehearing or a new trial. The pertinent grounds of the motion were that husband had not had an opportunity to present his case, and that the husband had not been sworn before he answered the court’s questions. A hearing was held on this motion. The court asked counsel for husband if husband’s statements were true, and he said that they were. The court then asked husband’s counsel if he wished to offer additional evidence in support of the post-judgment motion, and counsel offered none. The court then overruled the post-judgment motion. Husband appeals.
Husband contends here that the trial court erred by conducting an extensive examination of him and by not allowing husband’s attorney to present husband’s case.
The trial court did ask the husband questions about his financial condition since the *926 decrees awarding child support and periodic alimony, but there was no objection by husband’s attorney to this procedure, nor did the attorney request an opportunity to question the husband further, ask the wife, who was present, any questions, or present additional evidence.
Likewise, the court offered the husband an opportunity to present additional evidence at the hearing on the postjudgment motion, and this offer was declined.
Issues presented for review must be based on adverse rulings of the trial court. Daugherty v. Gulf Shores Motel, Inc., 292 Ala. 252, 292 So.2d 454 (1974).
The husband’s attorney did not object to the court’s conducting an extensive examination of the husband; the husband’s attorney did not call any witnesses for examination; and the husband’s attorney did not request permission to introduce other evidence. Further, the husband’s attorney did not attempt to offer additional evidence at the hearing on the postjudgment motion when given the opportunity to do so.
As noted, there were no adverse rulings of the trial court invoked by the husband relative to the reception of evidence or to the procedure followed by the court in conducting the hearing; hence there is nothing presented for our review.
The judgment of the trial court is affirmed.
The petition for the writ of mandamus is denied. See, Echols v. Housing Authority of Auburn, 377 So.2d 952 (Ala.1979).
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.