This is a modification of child support case.
Lochie Elizabeth Snow (mother) filed a petition to modify child support obligations of Michael Lloyd Snow (father). The Circuit Court of Calhoun County granted the modification. The posttrial motion of the father was denied and the father appeals. We affirm.
The mother and father had one child born of their marriage on December 18, 1980. On March 1, 1981 the child was diagnosed as having 18 g monosomy, a chromosomal abnormality. The parties were divorced on September 3, 1981 and, pursuant to an agreement of the parties incorporated into the divorce decree, the mother was to receive $200 per month child support and the father was to be responsible for the child's medical expenses.
The mother filed a petition to modify the decree, which was denied on February 27, 1984. The mother again filed a petition to modify based on changed circumstances on September 17, 1986. An ore tenus proceeding was conducted on September 3, 1987 and a final amended decree was rendered on October 2, 1987. The court, in its decree, increased the child support obligations of the father from $200 per month to $405 per month. The court also set guidelines for visitation and denied the mother's request that the father furnish a van for transportation. These matters were not a subject of this appeal. The father filed a motion for a new trial which, pursuant to Rule 59.1, Alabama Rules of Civil Procedure, was denied by operation of law. The father timely appeals.
The father contends that the court abused its discretion in increasing the child support payments in that there was no showing of changed circumstances and that the award was excessive. We disagree. Child support awards can be modified *Page 923 
upon a showing of changed circumstances, but the modification of such a decree is within the trial court's sound discretion and will not be altered on appeal absent an abuse of discretion. Ebert v. Ebert, 440 So.2d 1084 (Ala.Civ.App. 1983). When evidence is presented ore tenus, this court will review the record only to determine if there was sufficient evidence to support the trial court's judgment. Batchelor v. Batchelor,484 So.2d 1109 (Ala.Civ.App. 1986). Further, the factors for the trial court to consider are the needs of the child and the ability of the parents to pay support. Stubbs v. Puls,429 So.2d 1071 (Ala.Civ.App. 1983).
We have carefully reviewed the record and find there was sufficient evidence upon which the trial court could determine that a material change of circumstances existed which would support a modification of child support. The record reveals that there was a reduction in benefits to the mother from the state from $200 per month to $31 per month. There was testimony that the medical condition of the child created a steady increase in the expenses of the child, and the needs of the child are much greater and will continue to increase in the future. There was also evidence that the financial condition of the father has improved. His monthly income has increased, his home and utilities are furnished by his father, he is part owner of the Snow Glass Company, which furnishes him a truck and all his expenses as well as his present wife's car. The company also furnishes medical insurance on the father and the child. The father owns commercial rental property and $10,000 in a savings account.
It is clear from the record that the needs of the child have increased in that she requires weekly physical therapy, constant care and attention necessitating child care costs, and special supplies such as leg braces and walkers. The mother also testified to a need for a specialized vehicle for transporting the child. Further, the mother has lost $169 in her monthly income due to the decrease in state assistance.
It is further clear from the record that the father has the means available to increase his child support payments and he testified to such ability. Thus, we do not find that the trial court abused its discretion or was plainly and palpably wrong in increasing the child support obligation of the father.
The father also contends that the court erred in failing to rule on the motion for new trial. We disagree. Pursuant to Rule 59.1, A.R.Civ.P., a motion for new trial which is not disposed of by the trial court after ninety days is deemed to be denied by operation of law. Howard v. McMillian, 480 So.2d 1251
(Ala.Civ.App. 1985). Thus, no error here.
The father further contends that the court erred in utilizing the child support guidelines of Rule 32, Alabama Rules of Judicial Administration, in that the effective date of this rule was October 1, 1987. We note that the hearing was held on September 3, 1987 and a judgment entered on September 29, 1987 and amended on October 2, 1987. Rule 32 (I) provides:
 "Effective date. These child support guidelines shall become effective on October 1, 1987, and shall apply to any action pending on that date and any modification filed on or after that date, including modifications of child support orders issued prior to the effective date of this rule."
Thus, it was not error for the trial court to consider such guidelines since the modification was pending as of October 1, 1987. We note further, however, that counsel for the father did not object to the use of these guidelines during trial after the court informed the parties of its intention to follow these guidelines. Failure to object to this procedure at trial precludes review of this issue since issues presented for review on appeal must be based on adverse rulings of the trial court. Steele v. Steele, 490 So.2d 925 (Ala.Civ.App. 1986).
Lastly, the father contends the trial court abused its discretion in failing to take into consideration medical expenses required to be paid by the father and also in failing to allow the father a credit on child *Page 924 
support payments for the time the child would be in the custody of the father. The father fails to cite authority for this argument, and we are thus precluded from considering these issues. Matter of Moore, 470 So.2d 1269 (Ala.Civ.App. 1985); A.R.A.P. 28 (a)(5).
We find that the trial court had sufficient evidence to sustain an increase in the child support obligation of the father and that such an award was not excessive. There has been no showing of an abuse of discretion nor that the judgment was plainly or palpably wrong. The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.