REL: 09/26/2014

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2014

_____

### 1130738

_____

Ex parte Jackson County Board of Education

PETITION FOR WRIT OF MANDAMUS

(In re: D.C. Pruett Contracting Company, Inc.

v.

Jackson County Board of Education)

(Jackson Circuit Court, CV-13-900315)

STUART, Justice.

The Jackson County Board of Education ("the Board") petitions this Court for a writ of mandamus directing the

1130738

Jackson Circuit Court to enter an order dismissing the complaint of D.C. Pruett Contracting Company, Inc. ("Pruett Contracting"), on the ground of sovereign immunity. We grant the petition and issue the writ.

Facts and Procedural History

On April 25, 2012, Pruett Contracting submitted to the Board a proposal for renovations to the Pisgah High School gymnasium. On April 30, 2012, Kenneth Harding, the Jackson County superintendent of education, executed a purchase order authorizing Pruett Contracting to make certain renovations to the gymnasium, totaling $231,309. Pruett Contracting began renovating the gymnasium. On June 8, 2012, Harding received a letter from the State of Alabama Building Commission stating that "all work on the renovation of the Pisgah High School gymnasium [was] to stop immediately" because the project had not been submitted to or approved by the Building Commission. On June 20, 2012, the Board instructed Pruett Contracting to cease all work on the gymnasium. On July 22, 2012, Pruett Contracting submitted an invoice to the Board for $91,268, representing the work that had been performed.

1130738

On December 19, 2013, because it had not received payment for the work it had performed in renovating the gymnasium, Pruett Contracting sued the Board, alleging breach of contract and unjust enrichment and seeking recovery of damages on theories of quantum meruit, work and labor done, open account, and account stated. On January 31, 2014, the Board moved the court to dismiss the complaint, arguing that it is entitled to sovereign immunity as to the claims alleged by Pruett Contracting and that the court therefore lacked subject-matter jurisdiction over the action. On March 17, 2014, Pruett Contracting responded, arguing that this case involved a protected property interest, that immunity was thus precluded, and that the court had subject-matter jurisdiction over the action. On the same day, Pruett Contracting amended its complaint, naming as additional defendants the members of the Board in their official capacities and Harding in his official capacity as superintendent of education and asked for a writ of mandamus or an injunction requiring the members of the Board and Harding to pay the sums due and damages. On March 25, 2014, the circuit court denied the Board's motion to

1130738

dismiss.  The Board then petitioned this Court for a writ of mandamus.

Standard of Review

"As this Court has consistently held, the writ of mandamus is a

> "'"drastic and extraordinary writ that will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court."'

"Ex parte Wood, 852 So. 2d 705, 708 (Ala. 2002)(quoting Ex parte United Serv. Stations, Inc., 628 So. 2d 501, 503 (Ala. 1993)).  '"In reviewing the denial of a motion to dismiss by means of a mandamus petition, we do not change our standard of review...."'  Drummond Co. v. Alabama Dep't of Transp., 937 So. 2d 56, 57 (Ala. 2006)(quoting Ex parte Haralson, 853 So. 2d 928, 931 (Ala. 2003)).

> "'In Newman v. Savas, 878 So. 2d 1147 (Ala. 2003), this Court set out the standard of review of a ruling on a motion to dismiss for lack of subject-matter jurisdiction:
>
>> "'"A ruling on a motion to dismiss is reviewed without a presumption of correctness. Nance v. Matthews, 622 So. 2d 297, 299 (Ala. 1993). This Court must accept the allegations of the complaint as true. Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So. 2d 285,

4

1130738

> > 288 (Ala. 2002). Furthermore, in reviewing a ruling on a motion to dismiss we will not consider whether the pleader will ultimately prevail but whether the pleader may possibly prevail. Nance, 622 So. 2d at 299."
>
> "'878 So. 2d at 1148-49.'
>
> "Pontius v. State Farm Mut. Auto. Ins. Co., 915 So. 2d 557, 563 (Ala. 2005). We construe all doubts regarding the sufficiency of the complaint in favor of the plaintiff. Drummond Co., 937 So. 2d at 58."

Ex parte Alabama Dep't of Transp., 978 So. 2d 17, 20-21 (Ala. 2007).

## Discussion

The Board contends that it has a clear legal right to the dismissal of the action filed against it by Pruett Contracting because, it says, that it is entitled to immunity from liability under § 14, Ala. Const. 1901.  See Ex parte Tuscaloosa Cnty., 796 So. 2d 1100, 1103 (Ala. 2000)("Under Ala. Const. of 1901, § 14, the State of Alabama has absolute immunity from lawsuits.  This absolute immunity extends to arms or agencies of the state ....").  In support of its argument, the Board cites Ex parte Hale County Board of Education, 14 So. 3d 844, 848 (Ala. 2009), which held that "[b]ecause county boards of education are local agencies of

5

the State, they are clothed in constitutional immunity from suit."

Pruett Contracting recognizes the holding in <u>Ex parte Hale County Board of Education</u> and its applicability to this case, but it maintains that that decision was ill advised. Pruett Contracting argues that this Court's determination that a county board of education is entitled to sovereign immunity is contrary to the United States Constitution, the Constitution of Alabama, caselaw, and public policy. First, Pruett Contracting argues that sovereign immunity must yield to the Takings Clause of the United States Constitution, Amendment V,[1] and Art. I, § 10, of the United States Constitution,[2] in the context of contract rights created and benefits received by a State agency. Next, although Pruett Contracting recognizes that county boards of education are charged by the legislature with supervising public education within their respective counties, Pruett Contracting contends

---

[1]Amendment V provides that private property shall not be taken for public use without compensation.

[2]Article I, § 10, states: "No State shall ... pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts ...."

that, because the Constitution of Alabama provides that "[t]he public school fund shall be apportioned to [rather than among] the several counties," see In re Opinion of the Justices No. 3, 215 Ala. 524, 111 So. 312 (1927), construing Article XIV, § 256, Ala. Const. 1901, and provides, in the provision for the impeachment of county officials, see Article VII, § 175, Ala. Const. 1901, for the impeachment of superintendents of education, the authors of the Alabama Constitution intended for county boards of education to be county agencies and not "arms of the State."

This Court has cloaked members and employees of school boards with § 14 immunity since its decision in Hickman v. Dothan City Board of Education, 421 So. 2d 1257 (Ala. 1982). In Ex parte Hale County Board of Education, this Court unanimously decided that school boards are entitled to § 14 immunity in all cases. The basis for our decision in Ex parte Hale County Board of Education is sound, and this decision has been applied in numerous cases. See, e.g., Board of Sch. Comm'rs of Mobile Cnty. v. Weaver, 99 So. 3d 1210, 1217 (Ala. 2012) ("[B]ecause the Board is an agency of the State of Alabama it is entitled to absolute immunity under § 14 ...."),

7

1130738

Ex parte Montgomery Cnty. Bd. of Educ., 88 So. 3d 837, 842 (Ala. 2012) ("[T]he motion for a summary judgment based on § 14 immunity was due to be granted as to the Board ...."), and Colbert Cnty. Bd. of Educ. v. James, 83 So. 3d 473, 479 (Ala. 2011) ("[T]he Board is absolutely immune under § 14 from the state-law claims filed against it ...."). Pruett Contracting does not present a persuasive reason to abandon our holding that county boards of education are local agencies of the State and, as such, are entitled to sovereign immunity.

Pruett Contracting's argument that sovereign immunity should not protect the Board from a suit to enforce its contractual obligations is also unpersuasive. In State Highway Department v. Milton Construction Co., 586 So. 2d 872, 875 (Ala. 1991), this Court held that because an action seeking payment under a contract was "in the nature of an action to compel state officers to perform their legal duties," the action was not barred by the doctrine of sovereign immunity. See also Ex parte Alabama Dep't of Transp., 978 So. 2d 17, 23 (Ala. 2007). As this Court recognized in Ex parte Moulton, 116 So. 3d 1119, 1131-41 (Ala. 2013):

8

"'... [C]ertain causes of action are not barred by § 14:

"'"'There are four general categories of actions which in Aland v. Graham, 287 Ala. 226, 250 So. 2d 677 (1971), we stated do not come within the prohibition of § 14: (1) actions brought to compel State officials to perform their legal duties; (2) actions brought to enjoin State officials from enforcing an unconstitutional law; (3) actions to compel State officials to perform ministerial acts; and (4) actions brought under the Declaratory Judgments Act ... seeking construction of a statute and its application in a given situation. 287 Ala. at 229-230, 250 So. 2d 677. Other actions which are not prohibited by § 14 are: (5) valid inverse condemnation actions brought against State officials in their representative capacity ....'"

"'Drummond Co. v. Alabama Dep't of Transp., 937 So. 2d 56, 58 (Ala. 2006)(quoting [Ex parte] Carter, 395 So. 2d [65,] 68 [(Ala. 1980)](emphasis omitted). ...'

"....

"... [T]his Court today restates the sixth 'exception' to the bar of State immunity under § 14 as follows:

"(6)(a) actions for injunction brought against State officials in their representative capacity where it is alleged

that they had acted fraudulently, in bad faith, beyond their authority, or in a mistaken interpretation of law, <u>Wallace v. Board of Education of Montgomery County</u>, 280 Ala. 635, 197 So. 2d 428 (1967), and (b) actions for damages brought against State officials in their individual capacity where it is alleged that they had acted fraudulently, in bad faith, beyond their authority, or in a mistaken interpretation of law, subject to the limitation that the action not be, in effect, one against the State. <u>Phillips v. Thomas</u>, 555 So. 2d 81, 83 (Ala. 1989)."

These exceptions to sovereign immunity adequately address and negate Pruett Contracting's concerns that, with regard to the enforcement of contractual obligations, granting a county board of education sovereign immunity is unjust.

Moreover, Pruett Contracting appears to recognize the exceptions to sovereign immunity in our caselaw. Indeed, Pruett Contracting maintains that the underlying action should not be dismissed because, it says, the amendment to its complaint adding as parties the proper officials in their official capacities and requesting that they "perform their legal duties" and pay Pruett Contracting as set forth in the contract remedies its error in not naming those parties initially. However, because the original complaint was filed solely against the Board, the trial court lacked subject-

matter jurisdiction to entertain the subsequent amendment to the original complaint. See Ex parte Alabama Dep't of Transp., 6 So. 3d 1126 (Ala. 2008).

Furthermore, Pruett Contracting's argument that the amended complaint should be treated as an initial filing under Rule 3(a), Ala. R. Civ. P., is not properly before this Court. Although Pruett Contracting appears to have made this argument in a "rejoinder" to a response filed by the Board on April 10, 2014, the materials before us do not establish that Pruett Contracting moved the trial court to consider the amended complaint as an initial filing and that the trial court refused to do so. Therefore, this contention is not properly before us for consideration on this petition for a writ of mandamus. See Daugherty v. Gulf Shores Motel, Inc., 292 Ala. 252, 292 So. 2d 454 (1974)(noting that issues presented for review must be based on adverse rulings of the trial court).

## Conclusion

The Board has established that it is entitled to sovereign immunity and that the trial court did not have subject-matter jurisdiction over this action; therefore, the action must be dismissed. Ex parte Alabama Dep't of Transp.,

1130738

supra. Because the Board has demonstrated a clear legal right to an order directing the Jackson Circuit Court to dismiss Pruett Contracting's complaint against it, this Court grants the Board's petition for a writ of mandamus and directs the Jackson Circuit Court to dismiss Pruett Contracting's complaint.

PETITION GRANTED; WRIT ISSUED.

Bolin, Parker, Main, Wise, and Bryan, JJ., concur.

Murdock and Shaw, JJ., concur in the result.

Moore, C.J., dissents.