41 So.2d 191

**JONES v. BAKER et al.**

**8 Div. 658.**

Court of Appeals of Alabama.

Aug. 3, 1948.

Rehearing Denied Oct. 5, 1948.

S. A. Lynne, of Decatur, for appellant.

Ben L. Britnell, of Decatur, for appellees.

HARWOOD, Judge.

The appellant brought suit against the appellees claiming $458.54 for logs sold by appellant to the appellees during the year 1947.

The appellant sued out an attachment in aid of the pending suit, the affidavit made in connection with such attachment setting forth that the defendants had fraudulently disposed of their property, or were about to do so.

Thereafter, on June 3, 1947, the defendant filed the following plea:

"Comes the defendants, separately and severally, and appearing specially for the purpose of filing this plea in abatement to the attachment heretofore issued out of this court on or about May 6, 1947, and for ground of said plea assign the following, separately and severally:

"1. The grounds for the issuance of said attachment, set forth in plaintiff's affidavit, are untrue.

"2. Defendants deny that they are indebted to said plaintiff in any amount.

"3. Said defendants deny that plaintiff has a lien against any of their property for the debt sued on.

"4. The name of the partnership firm is improperly stated."

On October 27, 1947 the appellant moved to strike ground 1 of the plea because same, being in abatement, was waived by filing grounds 2, 3, and 4, respectively.

The court overruled the motion to strike, and plaintiff duly reserved an exception.

Immediately thereafter, on October 27, by leave of the court first had and obtained, the appellee filed an amended plea in abatement, the effect of which was to strike ground 2 of the original plea.

Appellant again moved to strike ground 1 of the plea as amended on substantially the same grounds. The court denied this second motion to strike and appellant duly reserved an exception.

A plea to the merits has been filed and is still pending.

The issues raised by the plea in abatement as to the existence of the grounds of attachment set forth in appellant's affidavit in support of the issuance of the attachment, that is whether appellee had, or was about to, fraudulently dispose of his property were presented to a jury on October 27, 1947. Under the court's instructions the issues were limited to this point.

In this proceeding the jury found in favor of the appellees, and the court, pursuant to such verdict entered a judgment dissolving the attachment.

This appeal is from said verdict and judgment.

In the original plea, labeled a plea in abatement, ground 2 is clearly a plea in bar.

A plea in abatement and a plea in bar cannot be pleaded together. Ordinarily, where a plea in abatement has

been filed, and a plea in bar is filed before the plea in abatement is disposed of, the plea in abatement is waived. Rhode Island Ins. Co. of Providence, R. I., v. Holley, 226 Ala. 320, 146 So. 817; Bates v. Bank of Moulton, 226 Ala. 679, 148 So. 150.

Appellant strenuously argues that the lower court's action in permitting the appellee to amend his plea in abatement by striking out ground 2, which ground sets up matters in bar, constitutes a reversible error.

■ If by demurrer, or a general appearance a cause is left to stand until a plaintiff is prejudiced, such as by the running of the statute, or by the plaintiff acting upon the waiver, then by filing such pleading, a defendant irrevocably loses his right to file a plea in abatement upon such prejudicial effect becoming operative. Laseter v. C. I. T. Corporation, 228 Ala. 19, 152 So. 607; Hawkins v. Armour Packing Co., 105 Ala. 545, 17 So. 16.

However it appears that if the plaintiff will not be prejudiced, then it is in the court's discretion to permit a plea in abatement to be tardily filed. Hall v. Pearce, 209 Ala. 397, 96 So. 608; Box v. Metropolitan Life Ins. Co., 232 Ala. 321, 168 So. 217.

■ It is clear from the record that there was no question of the plaintiff being prejudiced by the running of the statute of limitations at the time the court permitted the plea in abatement to be amended by striking out the ground setting up matters in bar. Nor does any other prejudicial effect that would result to the plaintiff below occur to us. We are unwilling therefore to say that the lower court erred in permitting the appellees to amend their plea in abatement by striking ground 2 therefrom.

During the cross examination of Mr. T. E. Baker, one of the defendants below, he was asked if other suits had not been brought against him in the last few months preceding the institution of the present action.

The court sustained the defendant's objection to this question, to which action of the court an exception was duly reserved by the appellant.

■ It is competent for an attaching creditor to prove the pendency of actions against the debtor at the time of the execution of the conveyance. (See Vol. 6, Encyc. of Evidence, p. 143), such matters being relevant as indications of intent to hinder, delay, or defraud the grantor's creditors. Crawford v. Kirksey, 50 Ala. 590.

■ However, the question to which the court in this cause sustained the objection was whether in the last few months before this suit was started other suits had also been brought against the witness.

These other suits which had been brought before the present action may, or may not have been pending at the time of the institution of the present action, and, also disposition of these other suits may have been had in T. E. Baker's favor prior to the institution of the present proceedings. In this aspect the evidence sought was irrelevant and incompetent in this case and the objection was properly sustained.

The above principle is also equally applicable in determining the correctness of the court's action in sustaining the defendant's objection to the question propounded on redirect examination to Mr. L. T. Jones, plaintiff below, if before he made the affidavit he had been advised that a number of suits had been brought against Mr. Baker.

Affirmed.