250 So.2d 677

**Leon ALAND**

v.

**Joe W. GRAHAM, etc. et al.**

**7 Div. 892.**

Supreme Court of Alabama.

July 8, 1971.

Rehearing Denied Aug. 5, 1971.

Samuel Tenenbaum and John N. Randolph, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Robert A. Macrory, William G. O'Rear and Wayne P. Turner, Asst. Attys. Gen., for appellees.

MERRILL, Justice.

This is an appeal in a declaratory judgment proceeding in which the trial court dismissed complainant's bill of complaint. No evidence was presented as the cause was dismissed after an argument and hearing on a plea styled a plea in abatement.

The bill showed that appellant owns 120 acres in the northwest corner of Section 19, Township 19, Range 1 West, that his property adjoins Oak Mountain State Park and that his property "is landlocked and that it has no access, except through said public park." It is not contended that appellant's land is surrounded on all sides by Oak Mountain State Park, but on the sides of his property not adjacent to the park, the topography of appellant's land would make it very difficult for him to get to and from his property without going through the park. The desired road in the park property is in the SE¼ of the SE¼ of Section 13, Township 19 South, Range 2 West. It would start at the point where the properties touch each other at the northwest corner of Section 19 and the southeast ·corner of Section 13.

It is alleged that all the properties once belonged to Alabama Mineral Land Company, that it was sold to various owners, that various owners sold the park land in Section 13 to the United States and the United States conveyed same to the State of Alabama for use as a public park retaining reversionary rights. Other facts and the prayer of the bill appear later in the opinion.

The main question to be decided is whether complainant's suit is a suit against the State. If so, is it in violation of Sec. 14 of the Constitution of 1901 which provides: "That the State of Alabama shall

never be made a defendant in any court of law or equity."

The question of whether a suit is against the State has been raised by demurrer—Dunn Construction Co. v. State Board of Adjustment, 234 Ala. 372, 175 So. 383; by motion—State v. Louis Pizitz Dry Goods Co., 243 Ala. 629, 11 So..2d 342, and by brief of counsel for the first time on appeal—Alabama Industrial School v. Adler, 144 Ala. 555, 42 So. 116.

■ We have held that the circuit court is without jurisdiction to entertain a suit against the State because of Sec. 14 of the Constitution. J. R. Raible Co. v. State Tax Commission, 239 Ala. 41, 194 So. 560. And this court has said that it will take notice of the question of jurisdiction at any time or even ex mero motu. Horn v. Dunn Brothers, Inc., 262 Ala. 404, 79 So.2d 11; Scott v. Alabama State Bridge Corporation, 233 Ala. 12, 169 So. 273. Therefore, it appears that a trial court or an appellate court should, at any stage of the proceedings, dismiss a suit when it becomes convinced that it is a suit against the State and contrary to Sec. 14 of the Constitution.

■ On oral argument both sides to this controversy asked us to overlook any technical omissions in pleading and nomenclature and decide the main question as to whether this is a suit against the State. Here, the question of a suit against the State was first raised in a pleading denominated "Plea in Abatement" which, prior to a ruling thereon, was later amended to contain a plea in bar. This ordinarily would have waived the subject of the plea in abatement—proper venue—because by pleading in bar before the plea in abatement is determined by the trial court, or attempting to plead in abatement and in bar together amounts to a waiver of the plea in abatement. Rhode Island Ins. Co. of Providence, R. I. v. Holley, 226 Ala. 320, 146 So. 817; Jones v. Baker, 34 Ala.App. 108, 41 So.2d 191.

But acceding to the requests of the parties, and because it is not material how the question of jurisdiction is raised, we treat the action of the trial court in sustaining the plea in abatement and dismissing the cause as being predicated solely on its decision that the instant case was a suit against the State.

■ In determining whether an action against a State officer is a suit against the State in violation of the constitutional prohibition, the court considers the nature of the suit or the relief demanded. State v. Norman Tobacco Co., 273 Ala. 420, 142 So.2d 873; Wallace v. Board of Education, 280 Ala. 635, 197 So.2d 428.

In Southall v. Stricos Corporation, 275 Ala. 156, 153 So.2d 234, the court said:

"Section 14 of the Constitution provides that the State shall never be made a defendant in any court of law or equity. The State cannot consent to such a suit. Section 14 not only prevents a suit against the State, but against its officers and agents in their official capacity, when a result favorable to the plaintiff or complainant would directly affect a contract or property right of the State. State Docks Commission v. Barnes, 225 Ala. 403, 143 So. 581, and cases cited; Mead v. Eagerton, 255 Ala. 66, 50 So.2d 253."

Without professing to cover every situation that has arisen, there are four general categories of actions that we have held do not come within the prohibition of Sec. 14. (1) Actions brought to compel State officials to perform their legal duties. Department of Industrial Relations v. West Boylston Manufacturing Co., 253 Ala. 67, 42 So.2d 787; Metcalf v. Department of Industrial Relations, 245 Ala. 299, 16 So.2d 787. (2) Actions brought to enjoin State officials from enforcing an unconstitutional law. Glass v. Prudential Insurance Co. of America, 246 Ala. 579, 22 So.2d 13; Southall v. Stricos Corp., supra. (3) Actions to compel State officials to perform ministerial acts. Curry v. Woodstock Slag Corp., 242 Ala. 379, 6 So.2d 479, and cases

there cited. (4) Actions brought under the Declaratory Judgments Act, Tit. 7, § 156 et seq., Code 1940, seeking construction of a statute and how it should be applied in a given situation. Curry v. Woodstock Slag Corp., supra, and cases there cited.

We do not think this suit for declaratory judgment fits any category that we have listed or follows any case we have found in our reports.

The relief demanded is copied from the prayer of the bill, where the court was asked to decree:

"(1) That complainant, under the common law, has a way of necessity to and from his land over and across the lands of the State of Alabama, constituting Oak Mountain State Park, as shown on the plat attached hereto; or such other convenient right-of-way as may be fixed and determined by the Court;

"(2) That the respondents, their respective servants, agents and employees be restrained and permanently enjoined from interfering with such way of necessity on the part of the complainant, his agents, invitees, successors and assigns;

"(3) That a mandatory injunction be granted to complainant and against the respondents, their respective servants, agents and employees, ordering them to either remove, or to provide complainant a right of entry through, the fence or gate which presently blocks such entry. If complainant is mistaken in the relief prayed for:

"(4) That complainant is entitled to a convenient right-of-way over said park land, in accordance with Title 19, Section 56 of the 1940 Code of Alabama; and defining and condemning such right-of-way; or, if this Court is without jurisdiction, to transfer this cause to the Probate Court of Shelby County, Alabama, for proper proceedings under said statute."

■ Referring to (1) supra, the common law "way of necessity" cannot apply here. One of the requirements is that it be founded on a grant between the grantor and grantee. In Hamby v. Stepleton, 221 Ala. 536, 130 So. 76, the grant was from the respondent to the complainant and the court said: "Since the right of way is founded on a grant, it can arise only between grantor and grantee." This principle was applied in McCurdy v. Samples, 262 Ala. 485, 80 So.2d 224, where Samples was seeking a right of way over McCurdy's property. A reason for denying relief was that there was "nothing in the record to show that the title to the Sample property was secured from L. L. McCurdy." Actually, Samples' deed came from Gordon Davis and wife. Here, the State of Alabama secured the property from the United States and was not the grantor to any grant to appellant. We think this is dispositive of the "way of necessity" theory in the bill.

Demand (2) is conditioned upon the acquisition of the "way of necessity" which has already been considered.

■ Demand (3) is based upon the revocation by the Department of Conservation of a gratuitous and revocable right of way granted to C. G. Gaines, who sold the land to appellant. The grant was in the form of a letter (Exhibit B to the bill) dated August 17, 1965, signed by the State Director of Conservation, which granted to Gaines, his successors or assigns a *permit* to use a 300-foot strip of land, wide enough for one-way traffic between Gaines' land in Section 19 and the park lands in Section 13, which are adjacent. Four conditions were imposed, one of which was: "if there is any objection from any parties having a reversionary interest in the property owned by the State."

The bill alleges that this right was assigned to appellant by Gaines when he sold to appellant in November, 1965, but that on June 15, 1966, the Director of Conservation canceled the right of way, stating in

writing, that the ground was "objection by the United States Department of the Interior as being 'in violation of the terms of the deed by which these lands were conveyed to the State.'" (The United States has a reversionary interest in the park property.)

Title 8, § 6, Code 1940 gives the Director of Conservation the "power and authority necessary or convenient to carry out the functions and duties of the department," and § 180 places on him the duty "to preserve, improve, protect, and maintain all parks, parkways * * * now owned or hereafter acquired or established by the State of Alabama." There was no abuse of discretion or anything illegal in the revocation of the permit by the Director of Conservation when objection had been made by the United States, grantor and reversioner in the deed to the State of Alabama.

Appellant attached as Exhibit C to his bill a letter from the U. S. Department of The Interior, dated July 30, 1968, to appellant's counsel advising that counsel's client should apply to the "appropriate authorities over Oak Mountain State Park for a permit for ingress and egress over the road" and it also contained the following statement:

"If the State authorities determine to issue a revocable permit for such use and request approval from the Regional Director, Southeast Region, National Park Service, the request will be favorably entertained."

We do not know whether that constitutes bureaucratic buck-passing, an attempt to place the total responsibility on the State authorities, or having been made with the prior knowledge that the State authorities would understand that no permit would be given in the light of the Department of The Interior's former objection to the use of the road.

But we are convinced that no statute, no legal duty and no ministerial act is involved in the failure to reinstate the revocable permit sought by appellant.

Demand (4) seeks, in one aspect, to have the equity court condemn a right of way under Tit. 19, § 56, Code 1940. This aspect is answered in the following statement in McCurdy v. Samples, 262 Ala. 485, 80 So.2d 224:

"In the case at bar the complainant is in the position of having no legal right to any established right of way. Accordingly, he has no right which can at the present time be protected by injunction. A right of way must first be established under § 56, and then if the right of way is blocked, injunction could lie. *In other words, we find no basis upon which the court could condemn the right of way in the equity court under the provisions of § 56, where the statutes plainly provide that such condemnation must be had in the circuit court, where an appeal is taken from the probate court.*" [Emphasis supplied]

As to the second aspect of demand (4), we agree that the circuit court has no jurisdiction to entertain an original condemnation proceeding, but in view of our holding that this is a suit against the State, it would avail nothing to transfer the cause to the probate court.

Appellant has cited no case which has held that Tit. 19, § 56 applies to State-owned park property. We think the obvious reason is that such a suit would be in violation of Sec. 14 of the Constitution of 1901, and this court has held that Sec. 14 "wholly withdraws from the Legislature, or any other state authority, the power to give consent to a suit against the state," Dunn Construction Co. v. State Board of Adjustment, 234 Ala. 372, 175 So. 383, and no individual has authority to waive this immunity. State Tax Commission v. Commercial Realty Co., 236 Ala. 358, 182 So. 31.

Finally, there can be no doubt about this suit involving a property right of the State, and Sec. 14 of the Constitution "not only prevents a suit against the State, but against its officers and agents in their offi-

cial capacity, when a result favorable to the plaintiff or complainant would directly affect a contract or property right of the State." Southall v. Stricos Corp., 275 Ala. 156, 153 So.2d 234.

■ We are not to be understood as holding that a declaratory judgment proceeding is improper in an appropriate case. The facts alleged in the bill, together with the exhibits, show that appellant has no legal right which can be enforced against the State of Alabama other than by bringing a suit against the State or its officials and that result is contrary to Sec. 14 of the Constitution of 1901. No official duty has been unperformed, no ministerial act is involved, the constitutionality of no statute is involved, and no legal duty by any official is shown to be owed appellant.

The trial court correctly dismissed the action when it became apparent that it was a suit against the State.

Affirmed.

LAWSON, HARWOOD, MADDOX and McCALL, JJ., concur.