PER CURIAM.
Russell H. Hurley, Jr. (petitioner), filed a pleading in the Circuit Court of Montgomery County entitled “Petition for Writ of Mandamus or in the Alternative of Court Order,” naming the Alabama Criminal Justice Information Center (CJIC), the Alabama Department of Public Safety (DPS), and the court itself as respondents. The petitioner, who is incarcerated in a state penitentiary, sought to compel the respondents to produce certain information relating to the investigation of the murder of two police officers. Specifically, the petitioner sought to obtain the following: all reports made by state and federal investigators; all “be on the lookout” bulletins issued at the time that the investigation was ongoing; all statements made by persons interviewed by state or federal agents; the names and addresses of all persons questioned by state or federql agents; a list of all other suspects; and all diagrams, sketches, and pictures which were made during the investigation. Both CJIC and DPS filed motions to dismiss the petition for writ of mandamus. The motions were granted by the trial court, and the petitioner appeals.
On appeal, the petitioner, who is not represented by counsel, asserts that the trial court erred in dismissing his petition for mandamus. He contends that the agencies are bound by statute to maintain the information which he is requesting, as well as to allow him access to that information.
At the outset we note that Art. 1, § 14, Ala. Const. (1901), provides that the State of Alabama shall never be made a defendant in any court of law or equity. This provision has been interpreted as creating an almost invincible wall of governmental immunity. See Hutchinson v. Board of Trustees of Univ. of Ala., 288 Ala. 20, 256 So.2d 281 (1971). However, there are several categories of cases which do not fall within the prohibition of this section, including actions brought to compel state officials to perform their legal duties or ministerial acts. Rutledge v. Baldwin County Comm’n, 495 So.2d 49 (Ala.1986). *1195 Furthermore, our supreme court has previously held that in limited circumstances, the writ of mandamus will lie to require action of state officials. McDowell-Purcell, Inc. v. Bass, 370 So.2d 942 (Ala.1979).
Here, however, we note that rather than seeking a writ of mandamus compelling the appropriate officials of the respective agencies to perform their duties, the petitioner seeks mandamus directly against the three state agencies named as respondents — the trial court, CJIC, and DPS. Therefore, we find that the trial court was without jurisdiction to entertain an action of this nature directly against the state. See Aland v. Graham, 287 Ala. 226, 250 So.2d 677 (1971). Hence, we find that the trial court had no option other than to dismiss the action. Aland, supra.
We further note that even if the petitioner had named the appropriate state officials in his petition for a writ of mandamus, the trial court still acted properly in dismissing the action, as it is clear that neither CJIC nor DPS has the information that the petitioner is seeking. Section 41-9-622, Ala. Code 1975, provides that the only information that CJIC is authorized to maintain is fingerprints, descriptions, photographs, and any other pertinent identifying and historical criminal data on persons who have been arrested or convicted in this state. We can find no provision requiring DPS to forward to CJIC, or to release to the petitioner, records of its criminal investigations. See §§ 41-9-623, 41-9-627 through 41-9-629, Ala.Code 1975; Stone v. Consolidated Publishing Co., 404 So.2d 678 (Ala.1981). Therefore, we find that the trial court could properly dismiss the petition for writ of mandamus on the basis that the named agencies cannot supply the petitioner with the information that he seeks.
In view of the above, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON and RUSSELL, JJ., concur.