PARKER, Justice.[1]
The State of Alabama petitions this Court for a writ of mandamus directing Judge Charles Price of the Montgomery Circuit Court to dismiss the inverse-condemnation claim of Drummond Company, Inc., and Cedrum Land Company, LLP, against the Alabama Department of Transportation (“ADOT”) based on the constitutional immunity of the State of Alabama from being sued.

I. Background

Drummond Company, Inc., and Cedrum Land Company, LLP, filed an inverse-condemnation action against ADOT, alleging the taking of mineral rights in land parcels acquired to complete the “Corridor X” highway project connecting Birmingham, Alabama, with Memphis, Tennessee. ADOT filed a motion to dismiss the inverse-condemnation action based on the constitutional immunity of the State. See Ala. Const. Art. I, § 14. The circuit court denied the motion, and the State of Alabama filed a petition for a writ of mandamus requesting that this Court direct the trial court to substitute the director of ADOT for AJDOT as the defendant in the litigation.

II. Standard of Review

“A writ of mandamus is a “ ‘drastic and extraordinary writ that will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ ”
Ex parte Wood, 852 So.2d 705, 708 (Ala.2002). A petition for a writ of mandamus is the proper vehicle by which to seek review of the denial of a motion to dismiss based on the ground of State immunity:
“The denial of a motion to dismiss or a motion for a summary judgment generally is not reviewable by a petition for writ of mandamus, subject to certain narrow exceptions, such as the issue of immunity. Ex parte Liberty Nat’l Life Ins. Co., 825 So.2d 758, 761-62 (Ala.2002).”
Ex parte Haralson, 853 So.2d 928, 931 n. 2 (Ala.2003).
“In reviewing the denial of a motion to dismiss by means of a mandamus petition, we do not change our standard of review.... Under Rule 12(b)(6), Ala. R. Civ. P., a motion to dismiss is proper when it is clear the plaintiff cannot prove any set of circumstances upon which relief can be granted. ‘ “In making this determination, this Court does *58 not consider whether the plaintiff will ultimately prevail, but only whether he may possibly prevail.” ’ We construe all doubts regarding the sufficiency of the complaint in favor of the plaintiff.”
853 So.2d at 981 (citations omitted).

111. Merits

This Court has recognized an inverse-condemnation action as an exception to the doctrine of State immunity:
“There are four general categories of actions which in Aland v. Graham, 287 Ala. 226, 250 So.2d 677 (1971), we stated do not come within the prohibition of § 14: (1) actions brought to compel State officials to perform their legal duties; (2) actions brought to enjoin State officials from enforcing an unconstitutional law; (3) actions to compel State officials to perform ministerial acts; and (4) actions brought under the Declaratory Judgments Act, Tit. 7, § 156, et seq., seeking construction of a statute and its application in a given situation. 287 Ala. at 229-230, 250 So.2d 677. Other actions which are not prohibited by § 14 are: (5) valid inverse condemnation actions brought against State officials in their representative capacity; and (6) actions for injunction or damages brought against State officials in their representative capacity and individually where it was alleged that they had acted fraudulently, in bad faith, beyond their authority or in a mistaken interpretation of law. Wallace v. Board of Education of Montgomery County, ... 280 Ala. [635] at 639, 197 So.2d 428 [ (1967) ]; Unzicker v. State, 346 So.2d 931, 933 (Ala.1977); Engelhardt v. Jenkins, 273 Ala. 352, 141 So.2d 193 (1962).”
Ex parte Carter, 395 So.2d 65, 68 (Ala.1980) (emphasis added).
As this Court stated in Carter, however, inverse-condemnation actions are to be “brought against State officials in their representative capacity.” This Court has decided cases in which the State or one of its agencies was a party defendant, but those cases did not involve an assertion of a constitutional-immunity defense. In a recent inverse-condemnation case, Alabama Department of Transportation v. Land Energy, Ltd., 886 So.2d 787, 789 n. 1 (Ala.2004), this Court noted:
“At no time did ADOT assert State immunity as a defense at the trial court level. In its principal brief to this Court it states: ‘Though the Director of ADOT is the proper party, this brief maintains the convention used in the pleadings of naming the agency as the party defendant.’ ”
In Engelhardt v. Jenkins, 273 Ala. 352, 354, 141 So.2d 193, 195 (1962), a case in which the State Highway Department condemned the plaintiffs’ property, the Court stated, “no sort of rationale can bring the case within the ban of § 14 of our constitution, prohibiting suits against the State or its agencies,” and allowed the condemnation case to go forward against the director of the State Highway Department.
In this case, in its motion to dismiss before the trial court, ADOT said,
“The proper party in a suit in inverse condemnation is the Director of the Department of Transportation, State of Alabama. D.J. Mclnnes, in his capacity as Director of the Department of Transportation, State of Alabama, submits himself to the jurisdiction of this court for the purpose of answering this lawsuit.”
Although ADOT’s intention in its motion to dismiss may not have been apparent, the State clarified its position in its petition for a writ of mandamus:
“While the defendant State of Alabama moved to dismiss the case, it vol *59 untarily substituted the proper party— the Director. In this posture the plaintiff can get all the relief to which it may be entitled, without offense to the constitution.”
(Petition at 5.) ADOT’s posture before the trial court is correct. Under the proposal to the trial court, the constitution will not be violated and Drummond Company, Inc., and Cedrum Land Company, LLP, will have full opportunity to litigate their case.

TV. Conclusion

The State’s petition for a writ of mandamus is therefore granted, and the Montgomery Circuit Court is hereby ordered to add the director of ADOT as the defendant, to dismiss ADOT as a defendant, and to permit the litigation to proceed accordingly.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and SEE, LYONS, HARWOOD, WOODALL, STUART, SMITH, and BOLIN, JJ., concur.

. This case was originally assigned to another Justice; it was reassigned to Justice Parker.