The Alabama Department of Transportation ("ALDOT"), the defendant below, appeals from a judgment of the trial court enjoining it from removing or ordering the removal of two brick flower planters located on the property of the plaintiff, Vistus May. Because the trial court lacked jurisdiction in this case, we reverse and remand.
In 1992, May constructed two brick flower planters in her front yard, which is located along Alabama Highway 107. May alleges that she was told by her neighbor, an ALDOT employee at the time, that the planters were permissible under ALDOT's regulations.
In May 2006, May received an "Encroachment Removal Notice" from ALDOT. This notice advised May that the planters encroached upon ALDOT's right-of-way along Highway 107. The notice advised May that if she did not remove the planters within 30 days, ALDOT would remove them at her expense.
May filed a complaint in the Fayette Circuit Court seeking declaratory and injunctive relief. Specifically, May sought a temporary injunction enjoining ALDOT from removing the planters. May also sought a declaratory judgment stating "that the brick planters . . . do not constitute an unlawful encroachment as designated *Page 411 
under [Ala. Admin. Code (Department of Transportation)] Rule 450-3-1-.08, Regulation [No.] 2-63." Furthermore, May requested that the planters "be permitted to remain on said property at the sole option of [May]." The trial court issued a "Decree of Injunction Pendente Lite" on June 28, 2006, enjoining ALDOT from removing the planters pending final determination of the action.
The trial court conducted a hearing and, after taking the matter under advisement, issued a judgment in favor of May. The trial court noted in its judgment that there was a "dispute" as to whether the planters were unlawful under the Alabama Administrative Code (Department of Transportation), Rule450-3-1-.08, which adopts by reference Regulation No. 2-63. However, without deciding that issue, the trial court went on to find that May had "reasonably relied upon the representations" of an ALDOT employee and that ALDOT was thus "estopped" from removing the planters. The trial court further held that the planters were "hereby permitted"; that ALDOT and its "agents and assigns" were "enjoined from removing or altering the existing planters"; and that "May, her heirs, successors and assigns are permanently restrained and prohibited from constructing, locating or affixing any future or further privately owned property upon the publicly owned right of way . . . without the prior written permission of [ALDOT]." Finally, the trial court held that May, "her heirs, successors and assigns, in perpetuity, shall indemnify and save harmless [ALDOT] from any and all claims, suits, losses, or other expenses arising out of, or based upon or incurred because of injury to any person or persons, or damage to property sustained by reason of the now existing brick planters." ALDOT appeals.
On appeal, ALDOT contends that the trial court erred in interpreting various statutes and regulations that the trial court said were controlling. However, before we can address this issue, we must determine whether the trial court has jurisdiction in this case.[1]
Article I, § 14, Ala. Const. 1901, provides generally that the State of Alabama is immune from suit: "[T]he State of Alabama shall never be made a defendant in any court of law or equity." We have stated:
 "Section 14 has been described as a `nearly impregnable' and `almost invincible' `wall' that provides the State an unwaivable, absolute immunity from suit in any court. Alabama Agric. Meek Univ. v. Jones, 895 So.2d 867 (Ala. 2004); Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala. 2002); and Alabama State Docks v. Saxon, 631 So.2d 943, 946 (Ala. 1994). When an action is one against the State or a State agency, § 14 wholly removes subject-matter jurisdiction from the courts. Lyons v. River Road Constr., Inc., 858 So.2d 257, 261 (Ala. 2003)."
Ex parte Town of Lowndesboro, 950 So.2d 1203, 1206
(Ala. 2006) (emphasis added). ALDOT is a State agency immune from suit under § 14. See Ex parte Alabama Dep't ofTransp., 764 So.2d 1263, 1268 (Ala. 2000). Therefore, unless May's claims fall under an exception to § 14 immunity, they are prohibited.
 There are several exceptions to immunity under § 14: *Page 412 
 "`There are four general categories of actions which in Aland v. Graham, 287 Ala. 226, 250 So.2d 677 (1971), we stated do not come within the prohibition of § 14: (1) actions brought to compel State officials to perform their legal duties; (2) actions brought to enjoin State officials from enforcing an unconstitutional law; (3) actions to compel State officials to perform ministerial acts; and (4) actions brought under the Declaratory Judgments Act . . . seeking construction of a statute and its application in a given situation. 287 Ala. at 229-230, 250 So.2d 677. Other actions which are not prohibited by § 14 are: (5) valid inverse condemnation actions brought against State officials in their representative capacity; and (6) actions for injunction or damages brought against State officials in their representative capacity and individually where it was alleged that they had acted fraudulently, in bad faith, beyond their authority or in a mistaken interpretation of law. Wallace v. Board of Education of Montgomery County, . . . 280 Ala. [635] at 639, 197 So.2d 428 [(1967)]; Unzicker v. State, 346 So.2d 931, 933 (Ala. 1977); Engelhardt v. Jenkins, 273 Ala. 352, 141 So.2d 193 (1962).'"
Drummond Co. v. Alabama Dep't of Transp.,937 So.2d 56, 58 (Ala. 2006) (quoting Ex parte Carter,395 So.2d 65, 68 (Ala. 1980)) (emphasis added in Drummond
omitted).
May's action does not seek to compel State officials to perform their legal duties or to perform ministerial acts, and there is no allegation that in having May remove the planters State officials are enforcing an unconstitutional law. It also is not an inverse-condemnation action, and there is no allegation that State officials acted fraudulently, in bad faith, beyond their authority, or in a mistaken interpretation of law. Therefore, it does not appear that this case falls under any of these exceptions.
May's complaint does appear to some extent to seek declaratory relief. It states: "Plaintiff prays . . . [t]hat upon a hearing of this matter, that this Court will render a declaratory judgment and decree stating that the brick planters . . . do not constitute an unlawful encroachment as designated under [Alabama Admin. Code (Department of Transportation)] Rule 450-3-1.08, Regulation [No.] 2-63 . . . and that said brick planters be permitted to remain on said property at the sole option of [May]."
The exception under § 14 afforded a declaratory-judgment action generally applies only when the action seeks "`construction of a statute and how it should be applied in a given situation,' Aland v. Graham, 287 Ala. 226, 230,250 So.2d 677, 679 (1971)." Loumdesboro,950 So.2d at 1211. We have explained this exception to § 14 as follows:
 "`[W]e have held that when an officer of the State is confronted with an uncertain problem of what the law means which requires certain acts on his part, or whether the law is valid, and he proposes to pursue a certain course of conduct in that connection, which would injuriously affect the interests of others who contend that he has no legal right thus to act, there is thereby created a controversy between them and the Declaratory Judgments Act furnishes a remedy for either party against the other to declare the correct status of the law. The purpose is to settle a controversy between individuals, though some of them may be State officers.'"
Lowndesboro, 950 So.2d at 1211 n. 5 (quoting Statev. Louis Pizitz Dry Goods Co., 243 Ala. 629, 633,11 So.2d 342, 345 (1943), superseded, in part, Ala. Code 1940, tit. 7, *Page 413 
§ 167 (now Ala. Code 1975, § 6-6-221)). See alsoThurlow v. Berry, 247 Ala. 631, 639, 25 So.2d 726, 733
(1946) ("This court has declared the rule to be that when a suit against a state official seeks a declaration of applicable principles of law to a certain status and direction of the parties in the premises, it does not infringe Section 14, Constitution, or violate sovereign immunity."). However, "[t]he declaratory-judgment exception to sovereign immunity applies when the declaratory-judgment action seeks no relief other than the `"construction of a statute and how it should be applied in a given situation."' Ex parte Town of Lowndesboro,950 So.2d at 1211 (quoting Aland v. Graham,287 Ala. at 230, 250 So.2d at 679)." Ex parte Alabama Dep't ofTramp., 978 So.2d 17, 24-25 (Ala. 2007). It does not apply when a declaratory-judgment action "seeks other relief."Lowndesboro, 950 So.2d at 1211.
The trial court in this case did not construe a statute or explain how it is to be applied; although the trial court stated that a dispute existed as to whether the planters violated ALDOT's regulations, it did not decide thatissue.[2] Instead, the trial court, purporting to use its equitable powers, held that ALDOT was estopped from performing its duties and enforcing the regulations and enjoined it from doing so. This is not the type of action or relief contemplated by the exception to § 14 allowing declaratory-judgment actions. See Lowndesboro,950 So.2d at 1211.[3]
Because the relief sought by May and granted by the trial court — the judgment enjoining ALDOT from removing or ordering the removal of the planters — does not fall under an exception to the immunity afforded the State by § 14, it is barred. Therefore, the trial court's judgment is reversed and the case remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and LYONS, WOODALL, STUART, BOLIN, and PARKER, JJ., concur.
SEE and MURDOCK, JJ., concur in the result.
[1] ALDOT did not raise the issue of jurisdiction; however, "`this court has said that it will take notice of the question of jurisdiction at any time or even ex mero motu.'" AlabamaState Docks Terminal Ry. v. Lyles, 797 So.2d 432, 435
(Ala. 2001) (quoting Aland v. Graham, 287 Ala. 226,229, 250 So.2d 677, 678 (1971)).
[2] This Court has previously treated administrative regulations as "statutes" for purposes of the declaratory-judgment exception and has allowed actions construing such regulations to proceed. See Ex parteWalley, 950 So.2d 1172, 1179(Ala. 2006).
[3] We express no opinion regarding whether the declaratory-judgment exception allows one to name a State agency, but not a State official, as a defendant. See Exparte Alabama Dep't of Transp., 978 So.2d 17, 25 n. 3 (Ala. 2007).
Additionally, we note that if the trial court had ruled that the planters did not violate the applicable ALDOT regulations, it could be argued that an action for an injunction allowing the planters to remain would fall under the exception allowing claims "against State officials in their representative capacity and individually where it was alleged that they had acted . . . beyond their authority or in a mistaken interpretation of law." However, the trial court never ruled on whether the planters were prohibited by ALDOT's regulations; therefore, we express no opinion as to whether that exception could apply to this case.