BRYAN, Judge.
The Alabama Department of Transportation and the Alabama Department of Revenue separately appeal from a summary judgment entered in favor of Joe Keenum Excavation and Construction Co., Inc. (“Keenum”), in a tax-assessment appeal. We reverse and remand.
In 2000, the legislature enacted Act No. 2000-684, Ala. Acts 2000 (“the 2000 Act”). Among other things, the 2000 Act exempted from sales tax and use tax any tangible personal property sold to a contractor if the personal property was to be incorporated into realty pursuant to a contract with various governmental entities, including the State of Alabama. The tax exemption established by the 2000 Act was codified at § 40-9-38, Ala.Code 1975. In 2004, the legislature enacted Act 2004-688, Ala. Acts 2004 (“the 2004 Act”), which repealed § 40-9-33, and thus the tax exemption, effective July 1, 2004. The 2004 Act also amended § 40-23-2, Ala.Code 1975, “to distribute a greater portion of sales tax on automobiles to the State General Fund.” Preamble to 2004 Act. That part of the 2004 Act amending § 40-23-2 stated that “[t]he provisions of this amendatory act shall terminate on October 1, 2006.” That provision in the 2004 Act has caused confusion among some taxpayers.
Keenum is a business engaged in construction and excavation. In June 2004, Keenum contacted the Department of Revenue to verify that the 2004 Act repealed the tax exemption, which the Department of Revenue confirmed. At that time, the Department of Revenue also gave Keenum a document entitled “notice to contractors” stating that the 2004 Act provides that “its provisions shall terminate on October 1, 2006.” Various other taxpayers questioned whether the 2004 Act permanently repealed § 40-9-33, and its tax exemption, or whether the repeal of the tax exemption would expire on October 1, 2006, thus reviving the tax exemption. On June 24, 2004, the Attorney General issued an opinion concluding that the 2004 Act permanently repealed § 40-9-33, ie., that the tax exemption prescribed by § 40-9-33 would not be revived on October 1, 2006. Op. Att’y Gen. No. 2004-170 (June 30, 2004). In other words, the Attorney General opined that the tax in place before the 2000 Act would continue to be in place after October 1, 2006.
The Department of Revenue never notified Keenum of the Attorney General’s opinion. Based on Keenum’s understanding of the notice given to it by the Department of Revenue, on October 1, 2006, Kee-num stopped paying sales tax and use tax on materials that had been exempted under § 40-9-33. That is, Keenum read the 2004 Act as reviving the tax exemption on October 1, 2006.
The Department of Revenue later assessed Keenum for sales tax and use tax on materials that Keenum had used in government contracts after October 1, 2006. Keenum appealed the assessment to the Department of Revenue’s Administrative Law Division, and the appeal was heard by an administrative law judge (“ALJ”). See § 40-2A-7(b)(5), Ala.Code 1975. Before the ALJ, Keenum argued that it should not be liable for the disputed tax because, it said, the Department of Revenue had misinformed Keenum that the tax exemption found in § 40-9-33 would be revived on October 1, 2006. Kee-num also argued that it should be excused from the tax because the Department of Revenue had never informed Keenum about Attorney General Opinion No. 2004-170.
*346 The ALJ upheld the tax assessment against Keenum in the amount of $105,907. The ALJ, citing State v. Maddox Tractor & Equipment Co., 260 Ala. 136, 69 So.2d 426 (1953), concluded that the Department of Revenue “could not be estopped from assessing a tax that is legally due based on erroneous or misleading advice concerning the tax from” that department. The ALJ further stated, in part:
“I sympathize with [Keenum] in this case. If [Keenum] had been notified that the exemption was not revived on October 1, 2006, it could have included tax in its contract bid amounts after that date, and thus passed that cost [on to] the various governmental entities. It presumably did not do so, and thus must now bear the economic burden for the taxes.... Unfortunately for [Keenum], Alabama law is clear that the State cannot be estopped from collecting the tax due in such cases.”
Keenum appealed the ALJ’s decision to the circuit court for a trial de novo, pursuant to § 40-2A-9(g), Ala.Code 1975. Before the circuit court, Keenum filed an “amended and restated complaint” naming the Alabama Department of Transportation as a defendant. Keenum alleged that it had underbid construction contracts with the Department of Transportation based on Keenum’s belief that the tax exemption found in § 40-9-33 was in effect after October 1, 2006. Keenum essentially sought to shift to the Department of Transportation the burden for the disputed taxes assessed against Keenum. In its “amended and restated complaint,” Keenum made various claims against the Department of Transportation, including two claims seeking the reformation of contracts made with the Department of Transportation. The Department of Transportation subsequently filed a motion to dismiss, noting that it had not been a party in the proceedings before the ALJ and asserting, among other things, that it is entitled to State immunity. The circuit court denied the motion to dismiss. Keenum later filed another “amended complaint” purporting to name as defendants John R. Cooper, the director of the Department of Transportation, and Julie P. Magee, the commissioner of the Department of Revenue, in their individual and official capacities. However, Cooper and Magee were never served; the only defendants in this case are the Department of Transportation and the Department of Revenue.
Keenum filed a motion for a summary judgment on its claims seeking to reform its contracts with the Department of Transportation. The Department of Transportation filed a response to the summary-judgment motion, arguing that Keenum was not entitled to a reformation of the contracts. The Department of Revenue did not file a response to the summary-judgment motion, which did not appear to contain arguments directly addressed at the Department of Revenue.
The circuit court entered a summary judgment in favor of Keenum. In pertinent part, the summary judgment stated:
“[T]he Court orders that (1) [Kee-num’s] contracts with [the Department of Transportation] performed during February, 2006 through December, 2008, are reformed to offset and cover the taxes due to be paid under the contracts; and (2) the taxes, interest, penalties, fees and costs assessed to [Kee-num] in the ‘Final Order’ of the [ALJ] on May 26, 2010, are invalid, accounted for, and offset in the reformed contracts [Keenum] had with [the Department of Transportation]. Defendants are directed to take all actions [they] deem[ ] necessary to assure that [Keenum] is fully released from the taxes, interest, penal *347 ties, fees and costs assessed to [Kee-num] in the Final Order.
“Pursuant to Rule 56(d), [Ala. R. Civ. P.,] the Court has reviewed the remaining Counts of [Keenum’s] Amended and Restated Complaint not the subject of the Motion for Summary Judgment, which are Unjust Enrichment (Count I), Goods Sold and Delivered (Count III), Promissory Estoppel (Count V) and Fraud (Count VI). The requested relief for each Count is duplicative of the relief requested in Count[] II[, i.e., the claim seeking reformation of the contracts,] and upon which the Motion for Summary Judgment is based. The additional relief requested of compensatory damages and punitive damages has been withdrawn by [Keenum], Accordingly, the Court determines that this ruling disposes of the entire case between the parties. This Order constitutes a final judgment as to the claims and proceedings asserted against or related to the parties.”
Both the Department of Transportation and the Department of Revenue appealed to this court, and we consolidated the appeals.
We first address the Department of Transportation’s contention that the circuit court lacked subject-matter jurisdiction over it because, it says, (1) the Department of Transportation is not a proper party in a tax-assessment appeal brought under the Taxpayers’ Bill of Rights, § 40-2A-1 et seq., Ala.Code 1975 (“the TBOR”), and (2) the Department of Transportation is entitled to State immunity under Art. I, § 14, Ala. Const.1901, also known as sovereign immunity, Ex parte Tirey, 977 So.2d 469, 470 (Ala.2007). Because we conclude that the circuit court lacked subject-matter jurisdiction over the Department of Transportation on the basis of State immunity, we do not consider whether the circuit court also lacked subject-matter jurisdiction under the TBOR.
“Section 14, Ala. Const.1901, provides: ‘[T]he State of Alabama shall never be made a defendant in any court of law or equity.’ (Emphasis added.) ‘The wall of immunity erected by § 14 is nearly impregnable.’ Patterson v. Gladwin Corp., 835 So.2d 137,142 (Ala.2002). Indeed, as regards the State of Alabama and its agencies, the wall is absolutely impregnable. Ex parte Alabama Dep’t of Human Res., 999 So.2d 891, 895 (Ala. 2008) (‘Section 14 affords absolute immunity to both the State and State agencies.’); Ex parte Jackson County Bd. of Educ., 4 So.3d 1099, 1102 (Ala.2008) (same); Atkinson v. State, 986 So.2d 408, 410-11 (Ala.2007) (same); [Ex parte Alabama Dep’t of Transp. (In re: Good Hope Contracting Co. v. Alabama Dep’t of Transp.), 978 So.2d 17 (Ala.2007)] (same); Ex parte Alabama Dep’t of Transp., 764 So.2d 1263, 1268 (Ala.2000) (same); Mitchell v. Davis, 598 So.2d 801, 806 (Ala.1992) (same). ‘Absolute immunity’ means just that — the State and its agencies are not subject to suit under any theory.
“ ‘This immunity may not be waived.’ Patterson, 835 So.2d at 142. Sovereign immunity is, therefore, not an affirmative defense, but a ‘jurisdictional bar.’ Ex parte Alabama Dep’t of Transp., 985 So.2d 892, 894 (Ala.2007). The jurisdictional bar of § 14 simply ‘precludes] a court from exercising subject-matter jurisdiction’ over the State or a State agency. Lyons v. River Road Constr., Inc., 858 So.2d 257, 261 (Ala.2003).”
Alabama Dep’t Corr. v. Montgomery Cnty. Comm’n, 11 So.3d 189, 191-92 (Ala.2008). Because “[t]he assertion of State immunity challenges the subject-matter jurisdiction of the court[,] ... it may be raised at any time by the parties or by a court ex mero motu.” Ex parte State (Atkinson v. State), 986 So.2d 408, 411 (Ala.2007).
*348 In the circuit court, Keenum filed an “amended and restated complaint” naming the Department of Transportation as a defendant. Because the Department of Transportation is a State agency, it is absolutely immune from suit under § 14. Keenum argues that its claims against the Department of Transportation are not barred by State immunity, citing the often-cited categories of actions that are not considered to be actions against the State for § 14 purposes.[1] However, those categories of actions that are not barred by § 14 are “relevant only as they relate to claims against State officials in their official capacities, not as they relate to the State agency or the State itself.” Alabama Dep’t of Corr. v. Montgomery Cnty. Comm’n, 11 So.3d at 194.
In moving for a summary judgment, Keenum argued that its contracts with the Department of Transportation should be reformed to account for the taxes that Keenum had failed to pay. Keenum basically argued that it would have passed the cost of the taxes on to the Department of Transportation had Keenum known about the tax obligation. Thus, Keenum, for purposes of its summary-judgment motion, essentially assumed that the tax assessment was proper, but it argued that the Department of Transportation ultimately should be responsible for the taxes. The circuit court agreed with Keenum, squarely basing its summary judgment on the reformation of the contracts between Kee-num and the Department of Transportation. However, the circuit court does not have subject-matter jurisdiction over the Department of Transportation. Keenum’s original contention on appeal to the circuit court, that the tax assessment against Keenum was improper, has not been squarely resolved.
Accordingly, we reverse the judgment, and we remand the case with instructions that the circuit court dismiss the claims asserted against the Department of Transportation, which has State immunity. On remand, the circuit court should directly determine the issue in the appeal from the ALJ’s decision, ie., whether the tax assessment against Keenum was proper.
2101223 — REVERSED AND REMANDED WITH INSTRUCTIONS.
2101230 — REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. In Alabama Department of Transportation v. Harbert Int'l, Inc., 990 So.2d 831, 840 (Ala. 2008), the supreme court recited the causes of action that are not barred by § 14:
" ' "There are four general categories of actions which in Aland v. Graham, 287 Ala. 226, 250 So.2d 677 (1971), we stated do not come within the prohibition of § 14: (1) actions brought to compel State officials to perform their legal duties; (2) actions brought to enjoin State officials from enforcing an unconstitutional law; (3) actions to compel State officials to perform ministerial acts; and (4) actions brought under the Declaratory Judgments Act ... seeking construction of a statute and its application in a given situation. 287 Ala. at 229-230, 250 So.2d 677. Other actions which are not prohibited by § 14 are: (5) valid inverse condemnation actions brought against State officials in their representative capacity; and (6) actions for injunction or damages brought against State officials in their representative capacity and individually where it was alleged that they had acted fraudulently, in bad faith, beyond their authority or in a mistaken interpretation of law. Wallace v. Board of Education of Montgomery County, 280 Ala. [635] at 639, 197 So.2d 428 [(1967)]....'"
"Drummond Co. v. Alabama Dep't of Transp., 937 So.2d 56, 58 (Ala.2006) (quoting \Ex parte] Carter, 395 So.2d [65,] 68 [(Ala. 1980) ]) (emphasis omitted).”