PARKER, Justice
(concurring specially).
In Ex parte Bentley, 116 So.3d 201 (Ala.2012), this Court reversed a judgment of the Montgomery Circuit Court awarding Hugh Mclnnish $196,625 in attorney fees and costs in his action against the governor, the finance director, the comptroller, and the treasurer of the State of Alabama, all in their official capacities. In reversing the circuit court’s judgment, this Court reaffirmed the rule previously announced in Ex parte Town of Lowndesboro, 950 So.2d 1203, 1211-12 (Ala.2006), in which we stated that “ ‘an award of ... attorney fees and expenses impacts the State treasury and divests it of funds in the very way forbidden by [Ala. Const. 1901,] § 14.’” 116 So.3d at 203 (quoting Lowndesboro, 950 So.2d at 1211-12). *205 Mclnnish filed applications for rehearing in three of the four cases decided in Ex parte Bentley, seeking review of our decision; this Court now overrules Mclnnish’s applications for rehearing, and I concur in that decision. I write specially to note the following.
The Eleventh Amendment to the United States Constitution provides:
“The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.”
The United States Supreme Court has held that the Eleventh Amendment bars a citizen from bringing a suit in federal court against any state. See Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). The Eleventh Amendment also bars a citizen from bringing a suit against state officers in federal court if, among other reasons, “ ‘ “the judgment sought would expend itself on the public treasury. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 102 n. 11, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (quoting Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963)).
There are, however, two exceptions to the protection from suit afforded states and state officers by the Eleventh Amendment. Congress can abrogate the Eleventh Amendment without the consent of the states in certain instances, or a state may waive its immunity by consenting to suit in federal court. See Welch v. Texas Dep’t of Highways & Pub. Transp., 483 U.S. 468, 473-74, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987). One example of congressional abrogation of the states’ Eleventh Amendment immunity is set forth in Hutto v. Finney, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), in which the United States Supreme Court held that the Civil Rights Attorney’s Fees Award Act of 1976, 42 U.S.C. § 1988, constituted a congressional abrogation of the states’ Eleventh Amendment immunity with respect to the payment of attorney fees in civil-rights actions.
Although Congress may in some circumstances abrogate the immunity afforded the states and state officials by the Eleventh Amendment with respect to awards of attorney fees in federal court actions, our legislature does not have similar authority to abrogate the sovereign immunity afforded this State and its officers in their official capacities by § 14 of the Alabama Constitution with respect to awards of attorney fees in state court actions. See Armory Comm’n of Alabama v. Staudt, 388 So.2d 991, 992 (Ala.1980) (“Since our Constitution unqualifiedly prohibits suits against the state, the legislature may not consent to such a suit.” (citing Dunn Constr. Co. v. Board of Adjustment, 234 Ala. 372, 175 So. 383 (1937))); Aland v. Graham, 287 Ala. 226, 231, 250 So.2d 677, 681 (1971) (“Sec. 14 ‘wholly withdraws from the Legislature, or any other state authority, the power to give consent to a suit against the state,’ Dunn Construction Co. v. State Board of Adjustment, 234 Ala. 372, 175 So. 383 [ (1937) ], and no individual has authority to waive this immunity. State Tax Commission v. Commercial Realty Co., 236 Ala. 358, 182 So. 31 [ (1938) ].”). Simply put, there is no basis in the law of this State as it currently stands on which an award of attorney fees (or any other award of monetary damages) against the State or its officers in their official capacities may be authorized, even in those cases in which the plaintiffs’ efforts result in a common benefit to the general public. But see Alabama Dep’t of Envtl. Mgmt. v. Town of Lowndesboro, *206 950 So.2d 1180, 1202 (Ala.Civ.App.2005) (Crawley, P.J., concurring specially) (“The compelling reason for an award of an attorney fee in this case can be addressed ... by our citizens in amending § 14.”). Accordingly, because the judgment of the Montgomery Circuit Court is due to be reversed, I concur in denying the applications for rehearing.