PARKER, Justice
(concurring specially).
I concur in the majority opinion because nowhere in the briefs before us are we presented with a challenge to the policy or *540 internal rule adopted by the PEEHIP Board in 2009 as being in contravention of Regulations 800-6-3-.01 and 800-6-7-.02 of the Alabama Administrative Code (Retirement Systems of Alabama). Regulation 800-6-3-.01 states: .
“Combination Of Allocations. Husbands and wives may combine state allocations to purchase family hospital/medical coverage under PEEHIP. For this purpose the state allocation may be . transferred from a participating employer to another participating employer or from a nonparticipating employer to a participating employer. However, the state allocation may not be transferred from a participating employer to a nonparticipating employer.”
Regulation 800-6-7-.02 states:
“PEEHIP Transfer Of Allocation. Used where husband and wife are both entitled to state insurance allocation and ' wish to Have those allocations combined as partial payment of one family basic hospital/medical plan.”
I write specially to express my concern over government ruling by regulation, rather than by laws enacted by the legislature. Regulations passed by bureaucrats, instead of bills passed by the legislative branch and signed into law by the executive branch, are commonplace in our society today. For instance, in Alabama, there are currently 130 agencies, boards, commissions, authorities, etc., that have passed regulations that are part of the Alabama Administrative Code. Legislative Reference Service, which is responsible for printing the Alabama Administrative Code, could not say how many pages currently make up the Alabama Administrative Code because the Administrative Code is constantly changing based on regulations adopted or repealed by the 130 ‘government entities. My concern is not limited to our State’s government; the Code of Federal Regulations now exceeds 175,000 pages, Clyde Wayne Crews, Jr., Ten Thousand Commandments: An Annual Snapshot of the Federal Regulatory State, p. 6 (Competitive Enterprise Institute 2015). Some state and federal regulations may have the potential to burden the liberties of its citizens — all without the democratic process as a check and balance.
Given the ever growing power of government through regulations, the people of Alabama must not be barred from challenging State officials seeking to enforce unconstitutional regulations. The absence of that check on State officials would only serve as an incentive for government to pass more1 and more regulations through bureaucrats, who are insulated from the public, rather than statutes through legislators, who are directly accountable to the people of Alabama through democratic elections.
This Court has, recognized six categories of actions that survive the bar to actions against the State in Art. I, § 14, Alabama Constitution of 1901: (1) actions to , compel State officials to perform their legal duties, Aland v. Graham, 287 Ala. 226, 229, 250 So.2d 677, 679 (1971); (2) actions to enjoin State officials from enforcing an unconstitutional law, id.) (3) actions to compel State officials to perform ministerial acts, 287 Ala. at 229-30, 250 So.2d at 679; (4) actions under the Declaratory Judgment Act, § 6-6-220 et seq., Ala.Code 1975, seeking construction of a statute and how it applies in a given situation, 287 Ala. at 230, 250 So.2d at 679; (5) valid inverse-condemnation actions brought against State officials in, their representative capacities, Drummond Co. v. Alabama Dep’t of Transp., 937 So.2d 56, 58 (Ala.2006); and (6) actions to enjoin State officials from acting fraudulently, in bad faith, beyond their authority, or under a mistaken interpretation of law, Ex parte Moulton, 116 So.3d 1119, 1141 (Ala.2013).
*541 This Court has already recognized that “the ‘legal-duty1 exception applies only where a law, a regulation, or a validly enacted internal rule commands a specific course of conduct.” Rodgers v. Hopper, 768 So.2d 968, 968 (Ala.2000). All the § 14 exceptions must be read to include “a law, a regulation, or a validly enacted internal rule,” as applicable. This would not expand the exceptions to § 14 immunity; rather, it is the State that has expanded the means by which it governs. The citizens of Alabama must be permitted to defend their rights.