Walker County Sheriff John Mark Tirey petitions this Court for a writ of mandamus directing the Walker Circuit Court to grant the motion to dismiss filed by Sheriff Tirey in an action brought against him and other defendants by T.M., as next friend of K.M.M., a minor. We grant the petition and issue the writ.
T.M. is K.M.M.'s mother. The complaint she filed on behalf of her son alleges that K.M.M. was sexually assaulted by Charles Leonard Uptain, an adult criminal sex offender, as that term is defined by the Community Notification Act, §§ 15-20-20 to -38, Ala. Code 1975. Insofar as Sheriff Tirey is concerned, T.M. alleges that the assault upon her son was the proximate result of Sheriff Tirey's alleged failure to comply with the community-notification procedures prescribed by § 15-20-25. *Page 470 
Sheriff Tirey filed a motion to dismiss the claims against him on the ground that he is entitled to the State immunity afforded sheriff's by Art. I., § 14, Ala. Const. 1901. The trial court has failed to grant Sheriff Tirey's motion to dismiss; thus, Sheriff Tirey has petitioned this Court for a writ of mandamus to compel the trial court to grant his motion.
A sheriff is immune from suit under most circumstances.
 "In Parker v. Amerson, 519 So.2d 442
(Ala. 1987), this Court held that a sheriff, as an executive officer of the State of Alabama, is immune, under Article I, § 14, of the Alabama Constitution, from suit based on state law claims arising out of the execution of the duties of his office, except for actions brought (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under a mistaken interpretation of the law, or (5) under the Declaratory Judgment Act to seek construction of a statute if he is a necessary party for the construction of the statute."
Boshell v. Walker County Sheriff, 598 So.2d 843,844 (Ala. 1992). See also Ex parte Sumter County,953 So.2d 1235, 1239-40 (Ala. 2006); Ex parte Haralson,853 So.2d 928, 932 (Ala. 2003).
T.M. claims that Sheriff Tirey negligently or wantonly failed to fulfill duties imposed upon him as the sheriff of Walker County by § 15-20-25. Her claims do not fall within any of the exceptions to the State immunity afforded sheriff's. Consequently, T.M. has failed to state a claim against Sheriff Tirey for which any relief can be granted.
In response to Sheriff Tirey's petition, T.M. invites this Court to consider her claim under the principles of State-agent immunity expressed in Ex parte Cranman, 792 So.2d 392
(Ala. 2000), and adopted in Ex parte Butts,775 So.2d 173 (Ala. 2000). However, the "State immunity afforded sheriff's . . . is not affected by this Court's decision[s] on State-agent immunity." Sumter County,953 So.2d at 1239-40. Instead, a sheriff "is entitled to sovereign immunity, now referred to as State immunity." Ex parteMcWhorter, 880 So.2d 1116, 1117 (Ala. 2003). Because Sheriff Tirey is entitled to State immunity, we grant his petition and direct the trial court to enter an order dismissing all claims asserted by T.M. against him.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and SEE, SMITH, and PARKER, JJ., concur.