BRYAN, Judge.
Central Alabama Community College (“the College”) and C.I.T.Y. Skills Training Consortium (“the Consortium”) appeal from a judgment of the Montgomery Circuit Court entered in favor of Hodtric C. Robinson, Suzanne L. Schmitz, and Joy Suttle (collectively “the employees”).
The employees performed work for the Consortium, which is operated by the College.[1] In 2006, each of the employees was dismissed without a hearing. Each of the employees filed an appeal, pursuant to § 36-26-115, Ala.Code 1975, a part of the Fair Dismissal Act, § 36-26-100 et seq., Ala.Code 1975 (“the FDA”). The employees’ appeals were consolidated and assigned to an administrative law judge (“the ALJ”). On appeal, the only issue before the ALJ was whether the FDA applied to the employees. To make this determination, the ALJ had to determine whether the employees were employed by the Consortium or whether they were actually employed by the College, thereby making the provisions of the FDA applicable to the employees. In May 2007, the ALJ issued an order determining that the employees were employed by the College and, therefore, that the employees’ dismissals were governed by the FDA. Pursuant to the authority granted to the ALJ in § 36-26-115, the ALJ concluded that the employees had been improperly dismissed, and the ALJ rescinded the employees’ dismissals.
*919 The College and the Consortium filed in the circuit court a petition for a writ of certiorari seeking review of the ALJ’s order. The employees subsequently filed in the circuit court a counterclaim seeking a declaratory judgment and injunctive relief. In their counterclaim, the employees sought a judgment determining that the employees are entitled to: full backpay, without any setoffs; certain interest on that backpay; reinstatement of their salaries and benefits; compensation due to lost medical benefits following the employees’ dismissals; and back retirement benefits. The employees then moved for a summary judgment on them counterclaim.
On January 23, 2009, the circuit court entered a judgment denying the petition for a writ of certiorari filed by the College and the Consortium and granting the employees’ summary-judgment motion.[2]
The College and the Consortium appeal the circuit court’s judgment in favor of the employees on their counterclaim. The College and the Consortium do not appeal the circuit court’s denial of their petition for a writ of certiorari.
On appeal, the College and the Consortium argue that State immunity under Art. I, § 14, Ala. Const.1901, also known as sovereign immunity, Ex parte Tirey, 977 So.2d 469, 470 (Ala.2007), acts as a jurisdictional bar in this case. The College and the Consortium raise this argument for the first time in their reply brief. Typically, an appellate court “does not address issues raised for the first time in a reply brief.” Byrd v. Lamar, 846 So.2d 384, 341 (Ala.2002). However, “[t]he assertion of State immunity challenges the subject-matter jurisdiction of the court; therefore, it may be raised at any time by the parties or by a court ex mero motu.” Atkinson v. State, 986 So.2d 408, 411 (Ala.2007). “ ‘[A]n action contrary to the State’s immunity is an action over which the courts of this State lack subject-matter jurisdiction.’ ” Ex parte Alabama Dep’t of Transp., 978 So.2d 17, 21 (Ala.2007) (quoting Larkins v. Department of Mental Health & Mental Retardation, 806 So.2d 358, 363 (Ala.2001)). Therefore, we address whether State immunity applies in this case and, consequently, whether the circuit court had subject-matter jurisdiction over the employees’ counterclaim.
“Section 14, Ala. Const.1901, provides: ‘[T]he State of Alabama shall never be made a defendant in any court of law or equity.’ (Emphasis added.) ‘The wall of immunity erected by § 14 is nearly impregnable.’ Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala.2002). Indeed, as regards the State of Alabama and its agencies, the wall is absolutely impregnable. Ex parte Alabama Dep’t of Human Res., 999 So.2d 891, 895 (Ala.2008) (‘Section 14 affords absolute immunity to both the State and State agencies.’); Ex parte Jackson County Bd. of Educ., 4 So.3d 1099, 1102 (Ala.2008) (same); Atkinson v. State, 986 So.2d 408, 410-11 (Ala.2007) (same); Good Hope (same); Ex parte Alabama Dep’t of Transp., 764 So.2d 1263, 1268 (Ala.2000) (same); Mitchell v. Davis, 598 So.2d 801, 806 (Ala.1992) (same). ‘Absolute immunity1 means just that — the State and its agencies are not subject to suit under any theory.
“ ‘This immunity may not be waived.’ Patterson, 835 So.2d at 142. Sovereign immunity is, therefore, not an affirmative defense, but a ‘jurisdictional bar.’ Ex parte Alabama Dep’t of Transp., 985 *920 So.2d 892, 894 (Ala.2007). The jurisdictional bar of § 14 simply ‘precludes] a court from exercising subject-matter jurisdiction’ over the State or a State agency. Lyons v. River Road Constr., Inc., 858 So.2d 257, 261 (Ala.2003). Thus, a complaint filed solely against the State or one of its agencies is a nullity and is void ab initio. Ex parte Alabama Dep’t of Transp. (In re Russell Petroleum, Inc. v. Alabama Dep’t of Transp.), 6 So.3d 1126 (Ala.2008).... Amy action taken by a court without subject-matter jurisdiction — other than dismissing the action — is void. State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1029 (Ala.1999).”
Alabama Dep’t of Corr. v. Montgomery County Comm’n, 11 So.3d 189, 191-92 (Ala.2008). “[State] immunity extends to the state’s institutions of higher learning,” Taylor v. Troy State Univ., 437 So.2d 472, 474 (Ala.1983), which includes the state’s community colleges, such as the College in this case. Williams v. John C. Calhoun Cmty. Coll, 646 So.2d 1, 2 (Ala.1994); and Shoals Cmty. Coll. v. Colagross, 674 So.2d 1311, 1313 (Ala.Civ.App.1995).
“[C]ertain causes of action are not barred by § 14:
“ ‘ “There are four general categories of actions which in Aland v. Graham, 287 Ala. 226, 250 So.2d 677 (1971), we stated do not come within the prohibition of § 14: (1) actions brought to compel State officials to perform their legal duties; (2) actions brought to enjoin State officials from enforcing an unconstitutional law; (3) actions to compel State officials to perform ministerial acts; and (4) actions brought under the Declaratory Judgments Act ... seeking construction of a statute and its application in a given situation. 287 Ala. at 229-230, 250 So.2d 677. Other actions which are not prohibited by § 14 are: (5) valid inverse condemnation actions brought against State officials in them representative capacity; and (6) actions for injunction or damages brought against State officials in their representative capacity and individually where it was alleged that they had acted fraudulently, in bad faith, beyond them authority or in a mistaken interpretation of law. Wallace v. Board of Education of Montgomery County, ... 280 Ala. [635] at 639, 197 So.2d 428 [ (1967) ]; Unzicker v. State, 346 So.2d 931, 933 (Ala.1977); Engelhardt v. Jenkins, 273 Ala. 352, 141 So.2d 193 (1962).’ ”
“Drummond Co. v. Alabama Dep’t of Transp., 937 So.2d 56, 58 (Ala.2006) (quoting [Ex parte ] Carter, 395 So.2d [65,] 68 [ (Ala.1980) ]) (emphasis omitted). These actions are sometimes referred to as ‘exceptions’ to § 14; however, in actuality these actions are simply not considered to be actions ‘ “against the State” for § 14 purposes.’ Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala.2002). This Court has qualified those ‘exceptions,’ noting that ‘ “[a]n action is one against the [S]tate when a favorable result for the plaintiff would directly affect a contract or property right of the State, or would result in the plaintiffs recovery of money from the [S]tate.” ’ Alabama Agric. & Mech. Univ. v. Jones, 895 So.2d 867, 873 (Ala.2004) (quoting Shoals Cmty. Coll. v. Colagross, 674 So.2d 1311, 1314 (Ala.Civ.App.1995)) (emphasis added in Jones).”
Alabama Dep’t of Transp. v. Harbert Int'l, Inc., 990 So.2d 831, 840 (Ala.2008). The categories of actions that are not barred by § 14 are “relevant only as they relate to claims against State officials in their official capacities, not as they relate to the *921 State agency or the State itself.” Alabama Dep’t of Corr., 11 So.3d at 194.
In this case, the ALJ issued an order determining that the employees were employed by the College and rescinding the employees’ dismissals. The College and the Consortium filed in the circuit court a petition for a writ of certiorari seeking review of the ALJ’s order. The employees then filed in the circuit court a counterclaim against the College and the Consortium seeking a declaratory judgment and injunctive relief. Although the employees’ counterclaim named both the College and the Consortium as counterde-fendants, the counterclaim sought relief based on the employees’ employment relationship with the College. As noted, the ALJ determined that the College, not the Consortium, employed the employees. Therefore, the College, not the Consortium, was the real counterdefendant in interest as to the counterclaim. Therefore, we consider only whether the College is entitled to State immunity with respect to the employees’ counterclaim.
As a state institution of higher learning, the College is absolutely immune from suit under Art. 1, § 14, Ala. Const. 1901. Williams, 646 So.2d at 2; and Colagross, 674 So.2d at 1313. Because the employees’ counterclaim was filed against the College and not against any State official in his or her official capacity, the categories of actions that are not barred by § 14 have no possible application. Alabama Dep’t of Corr., 11 So.3d at 194. Therefore, we conclude that the employees’ counterclaim was barred by State immunity.
In conclusion, the circuit court lacked subject-matter jurisdiction over the employees’ counterclaim. Therefore, that portion of the circuit court’s judgment adjudicating the employees’ counterclaim is void and, therefore, is vacated. Moreover, a void judgment will not support an appeal. Faith Props., LLC v. First Commercial Bank, 988 So.2d 485, 492 (Ala.2008). Therefore, we dismiss the appeal.
The employees’ motion seeking to strike that portion of the reply brief concerning State immunity or, alternatively, seeking leave to respond to the reply brief is denied.
JUDGMENT VACATED IN PART; APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
BRYAN, J., concurs specially.

. The Consortium provides various services for at-risk youth and their families.

. Following the entry of the judgment, the circuit court granted a partial stay of the enforcement of the judgment as it relates to Schmitz, relating to her work for the Consortium, pending the outcome of criminal proceedings.