BRYAN, Judge.
Tracy Ann Waldrop, Melissa Carol Kee-ton, and Kemalie Jane Grissom, the plaintiffs below, appeal from a summary judgment entered in favor of Northwesl^Shoals Community College (“the College”) and Humphrey Lee, the defendants below. This case concerns whether the defendants violated § 16-22-15, Ala.Code 1975, in the hiring of a secretary. We affirm.
In May 2008, Teresa Harrison left her position performing secretarial work for the College’s vice president of instruction, Glenda Faye Colagross. Colagross testified that her office was shorthanded after Harrison left. At the time, Adriana Wuot-to was working at the College as a client-relations specialist. Colagross testified that Wuotto regularly began helping Cola-gross in her office to compensate for Harrison’s departure. Colagross stated that Wuotto, on two or three occasions before Harrison left in May 2008, had helped Colagross’s staff “write a grant” when the staff was shorthanded.
Colagross testified that, either in the summer of 2008 or the fall of 2008 — she could not remember which — she submitted a request that the College fill the vacancy created by Harrison’s departure. Consequently, on January 20, 2009, the College posted a notice of vacancy for a “Secretary III” position to work under Colagross. The notice for the Secretary III position was posted for a 14-day period ending on February 3, 2009. Several people applied for the Secretary III position, including Wuotto and the plaintiffs, Waldrop, Kee-ton, and Grissom, who were secretaries at the College. The College formed a five-member search committee to help fill the position. From the pool of applicants, the search committee selected Wuotto, the three plaintiffs, and three other applicants for interviews; one applicant later withdrew herself from consideration before interviews. During the interviews, each search-committee member scored the six applicants based on their responses to certain questions. Wuotto and two of the plaintiffs, Grissom and Waldrop, received the highest combined scores from the search committee. Lee, the College’s president, interviewed the three finalists, and he selected Wuotto to fill the Secretary III position. On June 1, 2009, the College offered Wuotto the Secretary III position, and she accepted it.
*161 In February 2010, Waldrop, Keeton, and Grissom sued the College and Lee, seeking a judgment declaring that the defendants had failed to comply with § 16-22-15, Ala. Code 1975, regarding the hiring of Wuotto for the Secretary III position. The defendants filed a motion for a summary judgment asserting, among other things, that they had complied with the requirements of § 16-22-15 and that the College was entitled to State immunity. After the plaintiffs filed a response to the summary-judgment motion, the trial court entered a summary judgment in favor of the defendants, without specifying a reason. The plaintiffs appealed to the supreme court, and the supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
“In reviewing the disposition of a motion for summary judgment, ‘we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact,’ Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988), and whether the movant was ‘entitled to a judgment as a matter of law.’ Wright v. Wright, 654 So.2d 542 (Ala.1995); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is ‘substantial’ if it is of ‘such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ Wright, 654 So.2d at 543 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala.1993); Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).”
Hobson v. American Cast Iron Pipe Co., 690 So.2d 341, 344 (Ala.1997).
Initially, we address the College’s argument that it is immune from suit under the doctrine of State immunity, also known as sovereign immunity. Ex parte Tirey, 977 So.2d 469, 470 (Ala.2007).
“Section 14, Ala. Const.1901, provides: ‘[T]he State of Alabama shall never be made a defendant in any court of law or equity.’.... ‘The wall of immunity erected by § 14 is nearly impregnable.’ Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala.2002). Indeed, as regards the State of Alabama and its agencies, the wall is absolutely impregnable. Ex parte Alabama Dep’t of Human Res., 999 So.2d 891, 895 (Ala.2008) (‘Section 14 affords absolute immunity to both the State and State agencies.’) ... ‘Absolute immunity’ means just that — the State and its agencies are not subject to suit under any theory.”
Alabama Dep’t of Corr. v. Montgomery Cnty. Comm’n, 11 So.3d 189, 191 (Ala. 2008) (emphasis omitted). “[State] immunity extends to the state’s institutions of higher learning,” Taylor v. Troy State Univ., 437 So.2d 472, 474 (Ala.1983), which includes the State’s community colleges, such as the College in this case. Williams v. John C. Calhoun Cmty. Coll., 646 So.2d 1, 2 (Ala.1994); and Shoals Cmty. Coll. v. Colagross, 674 So.2d 1311, 1313 (Ala.Civ.App.1995). Therefore, the College is absolutely immune from suit under Art. 1, § 14, Ala. Const.1901. Accordingly, the trial court properly entered a summary judgment in favor of the College.
*162 With respect to the plaintiffs’ action against Lee, the president of the College and the other defendant in this case, we briefly note the following. An action against a State official in his or her official capacity brought under the Declaratory Judgment Act seeking construction of a statute and its application in a given situation is not considered to be an action “against the State” for § 14 purposes. Alabama Dep’t of Transp. v. Harbert Int’l, Inc., 990 So.2d 831, 840 (Ala.2008). However, an action against a State official in his or her official capacity is considered “ ‘ “one against the [S]tate when a favorable result for the plaintiff would directly affect a contract or property right of the State, or would result in the plaintiffs recovery of money from the [SJtate.” ’ ” Id. (quoting Alabama Agric. & Mech. Univ. v. Jones, 895 So.2d 867, 873 (Ala. 2004), quoting in turn Shoals Cmty. Coll. v. Colagross, 674 So.2d at 1314) (emphasis omitted). The plaintiffs sought a declaratory judgment regarding the construction of § 16-22-15 and its application in this case. Accordingly, Lee is not entitled to State immunity. Therefore, we now address the plaintiffs’ arguments with respect to Lee.
Section 16-22-15, Ala.Code 1975, provides, in pertinent part:
“(a) For the purposes of this section, the following words shall have the following meanings:
“(1) Board of education or board- [T]he State Board of Education as applied to two-year postsec-ondary education institutions^[1]]
“(2) Executive officer.... [T]he president of any two-year school or college under the auspices of the State Board of Education...;
[[Image here]]
“(b) Each board of education, through its executive officer, shall post a notice of vacancy for each vacant personnel position. The notice shall be posted in a conspicuous place at each school campus and worksite at least 14 calendar days before the position is to be filled....
“(c) If a personnel vacancy occurs during the time when the schools are in session, the vacancy notice shall be posted not less than seven calendar days before the position is to be filled. All vacancies involving jobs which are supervisory, managerial, or otherwise newly created positions shall nevertheless require posting notices of at least 14 calendar days.”
The plaintiffs argue that there are several genuine issues of material fact regarding whether Lee violated § 16-22-15 in hiring Wuotto. For one, the plaintiffs argue that there is a factual issue regarding whether Wuotto was in essence hired for the Secretary III position before the vacancy for that position was posted in January 2009. As noted, after Harrison left her secretarial position with Colagross in May 2008, Wuotto, a client-relations specialist at the College, began assisting Colagross to compensate for Harrison’s departure. According to Colagross, Wuot-to had previously helped Colagross’s staff write grants on two or three occasions when the staff was shorthanded. Cola-gross testified that, in addition Harrison’s departure in May 2008, Colagross’s assistant dean had also left at the beginning of the fall semester in 2008. Colagross stated that at that time her office was so shorthanded that she needed Wuotto to help her at the College’s Shoals Campus; before Harrison left, Wuotto had worked primarily at the College’s Phil Campbell Campus. Colagross testified:
*163 “A. ... I called Marsha 01iver[, Wuotto’s supervisor,] and said, you know, ‘[Wuotto] can still be [a] client relations specialist. Any projects that you have that you need her to do related to the project she’s still welcome to do, but this is fall semester, and Kristi[, a member of Colagross’s staff,] cannot handle it by herself with just me in here to help her.’ So that’s when [Wuotto] pretty much ... spent her time at the Shoals campus, with the exception of maybe a time or two when Marsha needed her at the Phil Campbell campus.
[[Image here]]
“Q. [By counsel for the plaintiffs: In] August 2008[, when the fall semester started,] you find [your staff shortage] gets much more critical, correct?
“A. Yes.
“Q. And that’s when you fill in with [Wuotto]?
“A. Yes, sir.”
The record on appeal does not indicate that Wuotto was prematurely awarded the Secretary III position when she began helping Colagross in 2008. The record does not indicate that Wuotto’s job title or pay rate changed when she began helping Colagross in 2008. For all that appears in the record, Wuotto officially remained a client-relations specialist while helping Co-lagross when she was shorthanded. Moreover, the record does not reveal Wuotto’s precise job duties during the period when she helped Colagross; the record suggests that Wuotto retained at least some of her job duties as a client-relations specialist. Of course, the fact that the defendants posted the Secretary III position in January 2009 and underwent a thorough process to fill that vacancy indicates that the position had not already been filled by Wuotto. We see no genuine issue of material fact regarding the plaintiffs’ contention that Wuotto had been awarded the Secretary III position, in violation of § 16-22-15, before the vacancy for that position was posted in January 2009.
The plaintiffs also argue that, when Wuotto began “filling in” after Harrison left, Wuotto was hired in a new temporary position that was required to be posted under § 16-22-15. There is no indication that, during the period in question, Wuot-to’s job title changed or that she received a different rate of pay. The evidence simply indicates that Wuotto, who was already employed by the College, helped Colagross while she was shorthanded until the Secretary III position was posted and filled. Given the facts of this case, the defendants did not create a temporary position filled by Wuotto. Because there was no temporary position created, we do not address the plaintiffs’ additional argument that the requirements of § 16-22-15 apply to temporary positions as well as permanent positions.
The plaintiffs also argue that § 16-22 — 15(d) required the defendants to post the Secretary III position without delay after Harrison departed. From that premise, the plaintiffs then contend that there is a genuine issue of material fact regarding whether the defendants delayed the posting of the position in violation of § 16 — 22—15(d). Section 16-22-15(d) provides, in pertinent part:
“The board may adopt or continue policies which are not inconsistent with this section. The board may adopt policies to ensure the safety and welfare of its students during dire emergency situations, but the posting of a vacancy notice as required in this section shall not be abridged or delayed except in dire emergency circumstances and then delayed only temporarily in order to reasonably meet the conditions of the emergency.”
*164 Section 16-22-15(b) provides that a notice of vacancy for a position must be posted “at least 14 calendar days before the position is to be filled.” Section 16-22-15(c) provides:
“(c) If a personnel vacancy occurs during the time when the schools are in session, the vacancy notice shall be posted not less than seven calendar days before the position is to be filled. All vacancies involving jobs which are supervisory, managerial, or otherwise newly created positions shall nevertheless require posting notices of at least 14 calendar days.”
Neither § 16-22-15(b) nor § 16-22-15(c) indicates that a vacant position must be posted within a certain period; the only period mentioned in § 16-22-15 is the notice period. Depending on the circumstances, § 16-22-15 requires either a 7-day or 14-day notice period; it is undisputed that the defendants provided the required notice before the Secretary III position was filled. Section 16-22-15(d) appears to provide that the statutory notice need not be given in emergency situations. We read § 16-22-15(d) as relating to the notice period between the posting of and the filling of the vacancy. We do not read that section as relating to the period between the time a position is vacated and the time the notice of vacancy is posted. Accordingly, this case does not concern § 16-22-15(d).
The plaintiffs also argue that there is a genuine issue of material fact regarding whether the experience Wuotto gained while working for Colagross after Harrison left made her a qualified candidate for the Secretary III position or gave her an advantage over the plaintiffs in the hiring process. These issues seem to be based on a presumption that the defendants violated the requirements of § 16-22-15 in hiring Wuotto, thus providing Wuotto with an unfair advantage. However, the defendants did not violate § 16-22-15 in hiring Wuotto. The plaintiffs have not explained how these issues would be relevant absent a violation of § 16-22-15. Because we find that the defendants did not act unlawfully in hiring Wuotto, the degree to which Wuotto benefited from the defendants’ actions is immaterial.
In summary, the College is entitled to State immunity, and the plaintiffs have not established that the trial court erred in entering a summary judgment in favor of Lee. We affirm the trial court’s summary judgment.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. The College is a two-year postsecondary education institution.