THOMPSON, Presiding Judge.
The Alabama Law Enforcement Agency ("ALEA") appeals from a judgment of the Clay Circuit Court ("the circuit court") ordering the director of ALEA to rescind the order suspending the commercial driver's license ("CDL") of Gregory Vincent Carter, Jr., to remove the administrative suspension from Carter's driving record, and to immediately reinstate Carter's CDL with no restrictions.
ALEA is the state agency responsible for issuing drivers' licenses in Alabama. § 32-6-4(a), Ala. Code 1975. Pursuant to the Alabama Rules of the Road Act ("the Act"), § 32-5A-1 et seq., Ala. Code 1975, the director of ALEA, or his or her agent, is responsible for the suspension of a person's "driving privilege" "upon a determination that the person drove or was in actual physical control of a motor vehicle while the amount of alcohol in the blood of the person was above the legal limit." § 32-5A-300(a), Ala. Code 1975. That determination is based on the report of the law-enforcement officer who made the arrest of that person, and the "determination shall be final unless an administrative review is requested under Section 32-5A-306 or a hearing is held under Section 32-5A-307." § 32-5A-300(c), Ala. Code 1975. "The determination of these facts by the director, or his or her agent, is independent of the determination of the same or similar facts in the adjudication of any criminal charges arising out of the same occurrence. The disposition of these criminal charges shall not affect any suspension under this section." § 32-5A-300(d), Ala. Code 1975 (emphasis added).
*1074 Carter was arrested on May 4, 2016, in Clay County and was charged with driving under the influence of alcohol ("DUI"). On May 9, 2016, he received from ALEA an "Official Notice of Intended Suspension of Driving Privileges." Carter requested an administrative review of the intended suspension; however, a copy of his request is not contained in the record on appeal. An undated letter from Lt. Rufus Washington, the chief hearing officer for ALEA ("the hearing officer"), to Carter's attorney states that an administrative review was conducted. To sustain the suspension of Carter's CDL, the hearing officer was required to determine, by a preponderance of the evidence, that Carter had driven or was in actual physical control of a motor vehicle with .08% or more by weight of alcohol in his blood. § 32-5A-306(b), Ala. Code 1975.
The letter Carter received from the hearing officer ("the form letter") is a preprinted form that allows the reviewer to check boxes regarding whether "the available information reflects" that the sworn report of the arresting officer was completed and submitted to ALEA, that the licensed driver was operating a vehicle on a public highway, and that the licensed driver either refused a chemical test of his or her breath or had a blood-alcohol test result of .08% or greater. Each of the boxes on the form letter was checked "yes."
The form letter also contains boxes for the reviewer to check whether, based on the "available information," he or she found that "the Statutory Requirements WERE met to sustain the Administrative Order of Suspension" or that those requirements were not met. The hearing officer had checked the box indicating that the statutory requirements were met. The hearing officer then directed that Carter's "privilege to operate a motor vehicle will be suspended/revoked as per the original order of suspension/revocation." Accordingly, Carter's "regular" Class D driver's license was suspended for 90 days and his CDL was suspended for 1 year.[1]
Carter appealed the hearing officer's decision to the circuit court on May 31, 2016. The circuit court stayed the suspension of Carter's driver's license pending a final hearing. On February 7, 2017, the Clay District Court entered a judgment dismissing the underlying DUI case. Under the Act, "regular" driver's licenses and CDLs are treated differently. Section § 32-5A-304(c) of the Act provides that, if a license is suspended as a result of a DUI charge and that charge is dismissed, "the director [of ALEA] shall rescind the suspension order and remove the administrative suspension from the person's driving record, except for those persons holding a commercial driver license...." (Emphasis added.)
Additionally, statutes governing the licensing of drivers who operate commercial vehicles provide that any person who has been convicted of DUI is disqualified from driving a commercial vehicle for a period of not less than one year. § 32-6-49.11(a)(1), Ala. Code 1975. A "conviction" in this context is defined as "[a]n unvacated adjudication of guilt, or a determination that a person has violated or failed to comply with the law in a court of original jurisdiction or an authorized administrative tribunal...." § 32-6-49.3(7), Ala. Code 1975 (emphasis added).
After hearing arguments from the parties, the circuit court entered a judgment *1075 on June 1, 2017, finding that Carter had not been "convicted" of DUI. Accordingly, the circuit court ordered ALEA's director to rescind the suspension order, to remove the suspension from Carter's record, and to reinstate Carter's CDL. His "regular" driver's license had already been reinstated. ALEA filed a motion to alter, amend, or vacate the judgment, which the circuit court denied on June 27, 2017. ALEA timely appealed to this court.
ALEA, in its reply brief, raised for the first time the issue of whether the circuit court lacked subject-matter jurisdiction to review ALEA's decision to suspend Carter's CDL for one year. Ordinarily, this court will not consider an issue not raised in an appellant's initial brief, but raised only in its reply brief. Shankles v. Moore, 205 So.3d 1253, 1258 (Ala. Civ. App. 2016). However, a challenge to the circuit court's subject-matter jurisdiction may be raised at any time by the parties or by a court ex mero motu. Central Alabama Cmty. Coll. v. Robinson, 53 So. 3d 917, 919 (Ala. Civ. App. 2009). The parties were asked to file letter briefs with this court regarding whether the circuit court had jurisdiction to consider Carter's arguments. The parties complied with our instructions, and we now address ALEA's contention that the circuit court lacked subject-matter jurisdiction.
Specifically, ALEA asserts that, because Carter did not request an administrative hearing, as opposed to an administrative review, when he received notice that his licenses were to be suspended, he was not entitled to a judicial review of the hearing officer's decision. Under the Act, a person who receives a notice of suspension or intended suspension has two options: an administrative review, § 32-5A-306, or an administrative hearing, § 32-5A-307. An administrative review may be requested up to 90 days after the notice of suspension. § 32-5A-306(e). However, "[a]n administrative review is not available after a hearing is held." § 32-5A-306(f).
An administrative hearing must be requested within ten days of the notice. § 32-5A-307(a). "Failure to request an administrative hearing within 10 days shall constitute a waiver of the person's right to an administrative hearing and judicial review under this article." Id. The Act allows for judicial review of ALEA's decision "[w]ithin 30 days of the issuance of the final determination of the department following a hearing under Section 32-5A-307." § 32-5A-308. That statute further provides that "a person aggrieved by the determination [after a hearing] shall have the right to file a petition [for judicial review] in the circuit court of the county where the arrest was made." Id. The Act does not contain a mechanism by which judicial review may be sought after an adverse ruling from an administrative review.
The Act also provides that "[t]he procedures set forth in this article [i.e., Article 14 of the Act] shall be the sole and exclusive manner to determine the administration of this article. The Alabama Administrative Procedure Act in Sections 41-22-1 to 41-22-27, [Ala. Code 1975,] inclusive, shall not apply." § 32-5A-307(g). In Huggins v. Alabama Department of Public Safety, 891 So.2d 337, 340 (Ala. Civ. App. 2004), a case discussing the procedure a driver is to use in challenging the notice of an intent to suspend a license or the suspension of a license, this court noted that, " '[w]hen a special statutory procedure has been provided as an exclusive method of review for a particular type case, no other statutory review is available.' Howle [v. Alabama State Milk Control Bd. ], 265 Ala. [189] at 193, 90 So.2d [752] at 755 [ (1956) ]."
Carter does not dispute that he requested an administrative review and not an *1076 administrative hearing. The Act does not provide for a judicial review of final determinations made after an administrative review. " 'The principle of subject matter jurisdiction relates to a court's inherent authority to deal with the case or matter before it.' " Ex parte Safeway Ins. Co. of Alabama, Inc., 148 So.3d 39, 42 (Ala. 2013) (quoting 21 C.J.S. Courts § 11 (2006) ). Thus, we must agree with ALEA that the circuit court did not have subject-matter jurisdiction to consider Carter's request for judicial review of ALEA's decision to suspend his CDL for one year.
A judgment entered without subject-matter jurisdiction is void. McDaniel v. Ezell, 177 So.3d 454 (Ala. 2015). A void judgment will not support an appeal. Ingram v. Alabama Peace Officers' Standards & Training Comm'n, 148 So.3d 1089, 1093-94 (Ala. Civ. App. 2014). Because the circuit court did not have subject-matter jurisdiction, its judgment ordering the director of ALEA to rescind the order suspending Carter's CDL, to remove the administrative suspension from Carter's driving record, and to immediately reinstate Carter's CDL with no restrictions is void, and the appeal is dismissed.
APPEAL DISMISSED.
Thomas, Moore, and Donaldson, JJ., concur.
Pittman, J., concurs specially.
PITTMAN, Judge, concurring specially.
I concur in the main opinion. Alabama Code 1975, § 32-5A-306(f), provides that a party can request an administrative hearing conducted under Ala. Code 1975, § 32-5A-307, without first requesting an administrative review conducted under § 32-5A-306 ; however, "[t]he determination by the director [of the Alabama Law Enforcement Agency], or his or her agent, upon administrative review is final unless a hearing is requested under [§] 32-5A-307." § 32-5A-306(b) (emphasis added). Further, because the right to judicial review of a suspension effected by the Alabama Law Enforcement Agency under Article 14 of Chapter 5A of Title 32 is explicitly conditioned upon pursuit of the administrative-hearing rights afforded under § 32-5A-307, see Ala. Code 1975, §§ 32-5A-307(a) and 32-5A-308, and because the legislature has mandated that the procedures set out in that article be "the sole and exclusive manner to determine the administration of this article," § 32-5A-307(g), the main opinion correctly concludes that the failure of Gregory Vincent Carter, Jr., to invoke those administrative-hearing rights divested the trial court of subject-matter jurisdiction to afford relief to him.

The form letter also notes that, if the hearing officer finds that the statutory requirements were met to sustain the suspension of a driver's license, "additional penalties may apply if the licensee ... is the holder of a commercial driver license, as per Federal Motor Carrier Safety Regulations."